**Saul A. BRAHMS, Plaintiff,**

v.

**MOORE–McCORMACK LINES, Inc.,
Defendant.**

United States District Court
S. D. New York.

Aug. 12, 1955.

Jacob Rassner, New York City, for plaintiff.

Dow & Symmers, New York City, William A. Wilson, New York City, of counsel, for defendant.

DIMOCK, District Judge.

Plaintiff moves pursuant to Rule 73 (a), F.R.C.P., for an order extending the time to take an appeal in this case 30 days from July 30, 1955. Rule 73(a) provides that an appeal from a district court to a court of appeals shall be taken "30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

Judgment was entered in this action on June 30, 1955, D.C., 133 F.Supp. 283, but plaintiff did not file a notice of appeal until August 1, 1955, two days late. Plaintiff's attorney of record who was his own trial counsel in the case says that he did not learn of the entry of judgment until August 1, 1955. A postal card bearing the notice of entry was

sent to plaintiff's attorney by the clerk of the court on July 1, 1955, and received at the attorney's office presumably in due course. Plaintiff's attorney swears that he never saw the postal card from the clerk. An associate of plaintiff's attorney, whom he had instructed to perfect the appeal, swears that he searched the office file on July 27 to see whether a judgment had as yet been entered but the file did not disclose any notification to that effect. Too late, on August 1, 1955, he learned of the entry of judgment. This prompted further search and he found the postal card in the file of another case brought on behalf of plaintiff.

There is no statement that it is the office practice of plaintiff's attorney to rely on the absence of a notice of entry from the office file as proof that no judgment has been entered. There is no statement that the office practice is to file notices of entry without bringing them to the attention of the lawyer members of the staff. There is no affidavit by any member of the office staff explaining how the postal card found its way into the files. There is not even a statement that none of the lawyers in the office knew of the existence of the notice of entry, let alone an affidavit from each that he had no such knowledge.

This court went a long way to liberalize the Rules' conception of "failure of a party to learn of the entry of the judgment" in Resnick v. Lehigh Valley R. Co., D.C.S.D.N.Y., 11 F.R.D. 76, 77. There knowledge of the party's attorney of record, as distinguished from his trial counsel, was held not to be knowledge of the party. Here, however, the notice of entry was received in the office of the man who was both attorney of record and trial counsel. It would take a very much stronger case than that made by these affidavits to substantiate a claim that there was (a) a "failure of [the] party" to learn of the entry of judgment and (b) a showing of excusable neglect.

The motion is denied.