Maria VASQUEZ, on behalf of herself and all similarly situated individuals and Mildred Kanner and Maria A. Vasquez, on behalf of themselves and all similarly situated individuals, Plaintiffs-Intervenors,

v.

Stanley BREZENOFF, individually and as Commissioner of the New York City Department of Social Services and Barbara Blum, individually and as Commissioner of the New York State Department of Social Services, Defendants.

No. 80 Civ. 0045 (PNL).

United States District Court, S. D. New York.

March 4, 1982.

Arthur J. Fried, The Legal Aid Society, New York City, for plaintiffs-intervenors.

Lester Helfman, Asst. Corp. Counsel; Gerald Slotnik, Asst. Atty. Gen., New York City, for defendants.

## OPINION AND ORDER

LEVAL, District Judge.

Plaintiffs move under Fed.R.Civ.P. 60(b)(1) and (6), to have the judgment vacated and re-entered. Plaintiffs contend that mistake, excusable neglect and equitable reasons justify my vacating and re-entering judgment to allow plaintiffs to appeal within the time limits set by the appellate rules.

*Facts*

On April 8, 1981, I issued an opinion granting partial summary judgment in favor of the defendants as to certain of the plaintiffs' theories of recovery. I denied complete summary judgment because I determined that the complaint could be read to state theories on which there were triable issues of fact. On July 5, 1981, plaintiffs submitted a letter stating that they did not espouse and would not pursue those theories as to which summary judgment was denied by my April 8 opinion, and requesting the entry of final judgment against them on the other theories so that they could appeal without delay. Defendant Brezenoff responded to this letter on August 7.

Apparently, after receiving this response, plaintiffs' counsel directed his office's calendar clerk to watch for the entry of judgment in the New York Law Journal. The calendar clerk was on jury duty between August 24 and September 2. His normal procedure was to save the law journals and check them on his return. But on this occasion, without authorization, he directed his temporary replacement to follow the law journals and did not check them on his return.

Final judgment was entered in favor of the defendants, as plaintiffs had requested, on August 26. The temporary employee missed the entry in the law journal on August 27. When the calendar clerk returned from jury duty, he continued to check the law journals for entry of judgment. Of course, he never saw such an entry.

Plaintiffs' counsel's affidavit states that he never received notice of entry of judgment from the clerk's office and that in September, he telephoned my chambers and was incorrectly advised that no judgment had been entered. He continued to follow the law journals.

On October 27, plaintiffs' counsel checked the docket sheet and discovered that judgment had been entered in August. Counsel filed this motion on November 2, a few days after the expiration of the 30 days permitted for appeal plus the additional 30 days which may be granted on a finding of excusable neglect.

*Discussion*

Fed.R.App.P. 4(a) provides that a notice of appeal shall be filed within thirty days of

entry of judgment. A district judge may grant a thirty day extension for excusable neglect. Fed.R.Civ.P. 77(d) provides that the clerk's failure to give notice of entry does not affect the time to appeal or authorize the district court to relieve a party for failure to appeal within the time allowed by Rule 4(a). This motion seeks relief from the rigorous terms of these rules designed to protect the finality of judgments.

The finality of judgments is undoubtedly a weighty consideration. *See Wagner v. United States*, 316 F.2d 871 (2d Cir. 1963). Nonetheless, the Court of Appeals has indicated that in proper circumstances extraordinary relief may be appropriate to preserve the opportunity for appeal. *See International Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). The Fifth Circuit has twice affirmed the granting of such a motion in circumstances very similar to those before me. *Fidelity & Deposit Company of Maryland v. Usaform Hail Pool, Inc.*, 523 F.2d 744 (5th Cir. 1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976) (affirmance of motion granted where counsel had made repeated calls to chambers to find out about judgment but stopped when told he would be notified of judgment by clerk's office, where appeal was a virtual certainty and where neither side knew of the entry of judgment); *Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5 (5th Cir. 1970) (affirmance of grant of motion where counsel had requested delay in entry of judgment while on vacation, judgment was entered nonetheless, neither side knew of entry of judgment and opposing side knew of movant's intention to appeal). The Court of Appeals for the District of Columbia has gone so far as to reverse the denial of such a motion, in circumstances similar to these, as an abuse of discretion. *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 500 F.2d 808 (D.C.Cir. 1974).

I am persuaded that, on the facts of this case, it is an appropriate exercise of my discretion to grant the plaintiff's motion. The motion is therefore granted. The clerk is directed to vacate the judgment previously entered and to enter judgment for the defendants.

SO ORDERED.