**Jeffrey L. SPROUT and Holly Renee
Sprout, Plaintiffs-Appellants,**

v.

**FARMERS INSURANCE EXCHANGE, a
California Corporation,
Defendant-Appellee.**

No. 80–4414.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1982.

Decided July 9, 1982.

588

James C. Van Winkle, Hill Cassas de Lipkau & Erwin, Reno, Nev., for plaintiffs-appellants.

Edward J. Lemons, Reno, Nev., for defendant-appellee.

Before BROWNING, Chief Judge, and SKOPIL and NORRIS, Circuit Judges.

PER CURIAM:

The Sprouts appeal from a district court order of July 8, 1980, granting summary judgment against them. Their attorney prepared a notice of appeal late in the afternoon of August 7, 1980, the last day on which appeal could be taken under Fed.R.App.P. 4(a)(1), and sent his secretary to the district court clerk's office to file it. She arrived shortly after the clerk's office closed at 4:00 p. m. The notice of appeal was not filed until August 8, 1980—one day late.

The Sprouts filed a timely motion for extension of time in which to appeal pursuant to Fed.R.App.P. 4(a)(5). The district court granted the motion and ordered the notice of appeal filed. Defendant Farmers Insurance Exchange contends the district court erred and moved this court to dismiss the appeal as untimely. We entered an order denying the motion. Defendant filed a motion for reconsideration.

Since the Sprouts sought an extension after the original 30 day period for appeal had ended, the extension could be granted only upon "a showing of excusable neglect or good cause." Fed.R.App.P. 4(a)(5).

The standard for determining excusable neglect is "a 'strict' one." *Selph v. Council of the City of Los Angeles,* 593 F.2d 881, 883 (9th Cir. 1979) (quoting Advisory Committee Notes to 1966 Amendment to Fed.R. Civ.P. 73, the predecessor of Fed.R.App.P. 4(a)). "The party requesting the extension . . . must certainly show more than mere unilateral inadvertence or mistake of counsel." *In re Donnell,* 639 F.2d 535, 539 (9th Cir. 1981). *See Oregon v. Champion International Corp.,* 680 F.2d 1300 (9th Cir. 1982); *In re Estate of Butler's Tire & Battery Co.,* 592 F.2d 1028, 1033–34 (9th Cir. 1979).

■ There was neither excusable neglect nor good cause in this case. Counsel simply neglected to prepare the notice of appeal until it was too late to file it before the deadline. The Sprouts argue the notice was "only" one day late and it would be "harsh" to apply the rule to them. But the requirements of Fed.R.App.P. 4(a) are mandatory and jurisdictional. *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264–65, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Wallace v. Chappell,* 637 F.2d 1345, 1346 (9th Cir. 1981) (en banc). Where, as here, there is no excuse for the late filing of a notice of appeal, it is an abuse of discretion for a district court to grant an extension of time and the court of appeals does not have jurisdiction. *Salazar v. San Francisco Bay Area Rapid Transit District,* 538 F.2d 269 (9th Cir. 1976), upon which the Sprouts rely, is not in point. That case dealt only with the timing of motions for extension of time; the district court's finding of excusable neglect was not at issue.

The motion for reconsideration and the motion to dismiss must be granted. The appeal is DISMISSED.