KINGS PROFESSIONAL
BASKETBALL CLUB,
INC., Plaintiff,

v.

Michael K. GREEN, Defendant.

No. 84–0182–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

Nov. 14, 1984.

Gerald M. Kraai, John D. Dunbar, Robert J. Margolin, Margolin & Kirwan, Kansas City, Mo., for plaintiff.

Arthur H. Stoup, David W. White, Stoup & Thompson, Kansas City, Mo., for defendant.

*MEMORANDUM AND ORDERS DENYING DEFENDANT'S OCTOBER 18, 1984 MOTION FOR AN ORDER NUNC PRO TUNC*

JOHN W. OLIVER, Senior District Judge.

This case involves the unfortunate circumstances under which a litigant did not receive actual notice of an adverse final judgment until after the time for filing a notice of appeal to the Court of Appeals had expired. Although we have a deep sense of sympathy for the plight of that litigant, we are convinced that he is not entitled to the relief prayed for in what we will treat as a motion filed pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time within which to file a notice of appeal. In light of the fact that our order denying defendant's pending motion will probably be noticed for an appeal to the Court of Appeals, we will state our findings and

conclusions in more detail than would ordinarily be required. ·

We have also decided that it is appropriate that both this Court's August 17, 1984 memorandum opinion written in support of our grant of plaintiff's motion for summary judgment and our October 10, 1984 memorandum and orders directing further proceedings should be published so· that this memorandum opinion and the orders entered this day may be viewed in context. The former will be published separately, 350 F.Supp. 366 and the latter will be attached as an Appendix to this memorandum opinion.

### I.

Defendant, on October 18, 1984 allegedly acting in accordance with the Court's Memorandum and Order Directing Further Proceedings dated October 10, 1984, filed a motion captioned as a "Motion for Order Nunc Pro Tunc Approving Filing of Notice of Appeal." Defendant, on the same day, filed suggestions in support of that motion together with a second affidavit of David W. White, one of defendant's co-counsel of record.

.In addition to those filings, defendant tendered for filing to the deputy clerk on duty at·the counter in the Clerk's office an undated notice of appeal. That deputy clerk stamped all of the papers presented by defendant's counsel with the file mark of the Court and accepted Stoup & Thompson's firm check in the amount of $65.00 as a filing fee for taking an appeal to the Court of Appeals. A receipt for the $65.00 dated October 18, 1984 was given for that check. On the next day, October 19, 1984, the same deputy clerk noticed that she had failed to collect the additional $5.00 fee required in connection with defendant's tendered· notice of appeal and so advised defendant's counsel.

Before defendant's counsel returned to the courthouse on the afternoon of October 19, 1984, routine processing of the tendered notice of appeal by other personnel in the Clerk's office established that the time for filing a notice of appeal had expired and the deputy clerk who discovered that fact, in accordance with the established practice of the Clerk's office, obliterated the ·October 18, 1984 file mark by drawing a red line through the filing stamp.

The tendered notice of appeal, of course, was not and has not been docketed on·the docket sheet in the above case. Defendant's counsel, however, upon being advised that the tendered notice of appeal had not been filed, requested that the Clerk's office accept the additional $5.00 filing fee and hold the total $70.00 until the Court determined defendant's pending motion. The Clerk's office agreed to do so and gave defendant's counsel a receipt for the $5.00 paid by Stoup & Thompson's October 19, 1984 check.

An order will be entered denying defendant's pending motion for an order nunc pro tunc. The Clerk's office will be directed to refund to defendant's counsel the $65.00 received October 18, 1984 and the $5.00 received October 19, 1984. We state the present procedural situation and the undisputed facts in the next part of this memorandum opinion.

### II.

In our October 10, 1984 memorandum we noted in regard to defendant's original section 2107 application for an extension of time that: "Defendant did not state or allege in either the application, the supporting suggestions, or the attached affidavit, that the factual circumstances related in those filings constituted a showing of excusable neglect" (page 5). We also stated that: "This Court does not believe it should rule the merits of defendant's application for an extension of time without affording the defendant an opportunity to prepare, serve and file an appropriate motion under Rule 4(a)(5), together with suggestions in support of such a motion which shall direct the Court's attention to any legal authority relied upon by defendant and which shall also clearly state whether defendant believes that an evidentiary hearing may be required.to resolve any dispute about any material fact in regard to the factual cir-

cumstances that defendant may claim as constituting a showing of excusable neglect within the meaning of Rule 4(a)(5)" (page 8). Defendant was accordingly granted leave in Order (2) entered October 10, 1984 "to file a new motion pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure together with appropriate suggestions in support of such motion on or before October 18, 1984" (page 9).

None of the filings made by the defendant pursuant to that order have in any way suggested that an evidentiary hearing is required to resolve any dispute about any material fact in regard to the factual circumstances that the defendant relies upon to establish a showing of excusable neglect within the meaning of Rule 4(a)(5). Defendant's October 18, 1984 motion alleged the following:

> COMES NOW the defendant, Michael K. Green, by and through his attorneys of record, and moves the Court for its Order Nunc Pro Tunc approving the filing of his Notice of Appeal in the above-captioned action under the provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure.
>
> This Motion is made so that the defendant may file his Notice of Appeal of the Court's Order dated August 28, 1984. The basis of this Motion is that said Notice of Appeal was not filed due to excusable neglect on the part of defendant's counsel.
>
> This Motion is made in accordance with the Court's Memorandum and Orders Directing Further Proceedings dated October 10, 1984.
>
> WHEREFORE, the defendant, Michael K. Green, moves the Court for its Order Nunc Pro Tunc approving the filing of his Notice of Appeal.

The affidavit of David W. White filed October 18, 1984 is a bit more detailed than his October 3, 1984 affidavit filed in support of defendant's original section 2107 application. The October 18, 1984 affidavit of David W. White stated the following in its entirety:

> I, David W. White, being duly sworn do hereby state in support of defendant's Motion for Order Nunc Pro Tunc approving filing of Notice of Appeal, the following:
>
> 1. That I am the attorney primarily responsible for the preparation of the defense on behalf of defendant, Michael K. Green, in the above-captioned action.
>
> 2. That I was on active duty with the United States Army Reserve in the Federal Republic of Germany from September 1 through 17, 1984, and as a result was unable to maintain communications with my law office during this period of time.
>
> 3. That upon my return to the United States I inquired of the office staff whether any correspondence had been received concerning the above-captioned action. The response was that no correspondence had been received.
>
> 4. That for a three week period, our firm employed a temporary receptionist while we searched for a permanent replacement for our former receptionist who left the last week of August, 1984. The temporary receptionist was unfamiliar with the status of the above-captioned case. One of the duties of the receptionist in our firm is to receive, sort, and file all incoming correspondence.
>
> 5. That I was not aware of the existence of the Court's Final Judgment Order dated August 28, 1984 until I telephoned Mr. Gerald M. Kraai, counsel for the plaintiff, at approximately 10:30 a.m. on October 3, 1984. In that telephone conversation, Mr. Kraai informed me that the Court's Order had been issued some time previously. I indicated to him that I would search our files to see if such an Order had been received by our firm.
>
> 6. After a thorough search of our office it was discovered that the Court's Order had been misfiled by the temporary receptionist. As far as I could determine, at that time, no attorney within our office was aware of the Court's Order prior to October 3, 1984.

7. That I subsequently telephoned Mr. Kraai and informed him of our intent to file an Application for Extension of Time.

8. That at 2:30 p.m. on October 3, 1984, our firm filed on behalf of the defendant, an Application for Extension of Time and Suggestions in Support thereof with the United States District Court for the Western District of Missouri.

9. That had I, upon my return to the United States, been aware of the existence of the signed Final Judgment Order issued by this Court on August 28, 1984, I would have immediately so informed our client of the Court's decision, and advised him as to his options. Had it been his decision to pursue an appeal, a Notice of Appeal would have been filed with this Court in a timely manner prior to the expiration of the filing deadline on October 1, 1984.

10. That since October 3, 1984, communication has been made with the defendant, and it is his wish to pursue an appeal in this action after he was fully advised of his rights and the alternatives available to him.

Further affiant saith naught.

Defendant's suggestions filed in support of its October 18, 1984 motion concedes that this Court's August 28, 1984 Final Judgment was in fact "mailed to parties on or about August 28, 1984" (page 1). Paragraph 3 of defendant's suggestions stated in direct reliance upon the second affidavit of David W. White, that "due to the absence of David W. White, defendant's attorney primarily responsible for the case, the existence of the Court's signed Order dated August 28, 1984, was not brought to the defendant's attention for a decision concerning the appropriateness and desirability of an appeal, prior to October 3, 1984 (page 1). And in paragraph 4 defendant alleged that "such an error constitutes 'excusable neglect' under Rule 4(a)(5) of the Federal Rules of Appellate Procedure" (page 1).

On page 2 of defendant's suggestions it is admitted that defendant's original section 2107 motion for an extension of time was not filed until "after the time had expired for the Notice of Appeal to be filed under Rule 4(a)(1) of the Federal Rules of Appellate Procedure" (page 2). Defendant's suggestions accordingly requested that "the Court issue its Order Nunc Pro Tunc approving the filing of the attached Notice of Appeal under the provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure based on the fact that the failure to file the Notice of Appeal by 5:00 p.m. on October 1, 1984, was due to excusable neglect on the part of defendant's counsel" (page 3).

Although defendant makes clear on page 5 of his suggestions that "the judgment entry was in fact received by defendant's counsel's office," it is suggested that "no counsel within the office saw the judgment entry until after its existence was brought to counsel's attention by the plaintiff's counsel" and that therefore the "neglect is excusable because there was no intent by defendant's counsel to delay or to otherwise not act on the Court's judgment" (pages 5–6). On page 6 of defendant's suggestions it is further recognized that "it is true that defense counsel approved the final judgment." It was suggested, however, that defense counsel "was never informed when the actual Order was issued" and that "defense counsel was not in a position to predict when the Court would in fact issue its final Order." Defendant concluded his suggestions by stating that "[a] good faith effort was made when defense counsel telephoned plaintiff's counsel inquiring as to the Order's status" and that "[a]s soon as defense counsel became aware of the Order's existence, a thorough search was made of the firm's files, and the misfiled Order was located."

Our October 10, 1984 memorandum stated on pages 6–7 that the files and records in this case show that on September 5, 1984 plaintiff served on both of defendant's attorneys of record a certificate which certified that a notice of this Court's final judgment entered August 28, 1984 had been

filed in the case which pended in the Circuit Court of Jackson County, Missouri, and that a certified copy of this Court's August 28, 1984 final judgment was attached to that certificate of filing.

Plaintiff's brief in opposition to defendant's pending motion alleges that Mr. White's affidavit is insufficient to establish a basis for a finding of excusable neglect in that the affidavit does not indicate how the August 28, 1984 final judgment was misfiled by the temporary receptionist, where it was misfiled, how it was subsequently located, or whether co-counsel Arthur H. Stoup may have received actual notice of the final judgment before the time for appeal had expired. Plaintiff's brief also directs attention to the fact that the affidavit does not contain any statement whatsoever concerning defendant's co-counsel's knowledge of either the August 28, 1984 final judgment or of the September 5, 1984 State court notice and certificate of filing to which was attached a certified copy of the August 28, 1984 final judgment.

### III.

It is necessary as a preliminary matter that we rule the procedural question raised by plaintiff in regard to the form of defendant's pending motion for a nunc pro tunc order. Plaintiff argues that defendant failed to cite any legal authority in support of the implicit assumption of the defendant's motion for an order nunc pro tunc that "the Court has authority to enter an order 'now for then' or to approve the filing of a Notice of Appeal 'now for then'." Plaintiff also suggested that "It is not clear what defendant wants—now for when."

Defendant's supplemental suggestions filed October 23, 1984 in support of the pending motion for a nunc pro tunc order made a somewhat equivocal response to plaintiff's procedural argument. Defendant acknowledged that his original section 2107 was for "an extension of time in which to file ... his Notice of Appeal." Defendant then stated, however, that "Defendant no longer wishes such an exten-

sion, but rather asks the Court to accept the filing of the Notice of Appeal under the provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure."

Although defendant suggested that the form of the pending motion for a nunc pro tunc order was patterned on procedures apparently followed in a State prisoner habeas corpus case reported as *Karstetter v. Cardwell*, 399 F.Supp. 1298 (D.Ariz.1975), defendant stated that "In this matter a filing of a motion under 4(a)(5) of the Federal Rules of Appellate Procedure is a vehicle designed to accomplish what the defendant seeks in this action."

We are satisfied that defendant's counsel had learned by the time he filed the supplemental suggestions in support of defendant's pending motion on October 23, 1984, that the notice of appeal which he had tendered for filing on October 18, 1984 had not been in fact filed or docketed as a part of the files and records in this case. As stated above, defendant's counsel was expressly so advised on October 19, 1984 when the firm check of Stoup & Thompson in the amount of $5.00 was presented to the Clerk's office.

Defendant's October 23, 1984 supplemental suggestions accordingly stated that "should the Court disagree with the defendant's reasoning, the defendant clearly asks the Court to allow its filing of the Notice of Appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure." Indeed, the concluding paragraph of defendant's supplemental suggestions stated the following:

That defendant has set out facts that constitute "excusable neglect", thus meeting the standard set out by Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Accordingly, this Court should allow the defendant to file his Notice of Appeal and seek the review of the Eighth Circuit Court of Appeals.

Under the circumstances, we find and conclude that we should completely disregard the flat statement made in defendant's October 23, 1984 supplemental suggestions that stated that "Defendant no

longer wishes ... an extension of time in which to file ... his Notice of Appeal" and that we should proceed to consider the merits of whether defendant is entitled to an appropriate extension of time under the "excusable neglect" standard of Rule 4(a)(5) which defendant concedes is the standard that must be applied to his pending motion.

The question for determination on the merits is whether defendant has "set out facts that constitute 'excusable neglect' [that meet] the standard set out in Rule 4(a)(5) of the Federal Rules of Appellate Procedure," as defendant contends in both his October 23, 1984 supplemental suggestions and in defendant's initial suggestions filed in support of his pending motion on October 18, 1984. We turn to the merits of that question in the next part of this memorandum opinion.

### IV.

We accept the statement in David W. White's October 18, 1984 affidavit which blamed the failure of the defendant to file a timely appeal on the admitted neglect of an unnamed temporary receptionist who had been employed for a three-week period beginning in the last week of August 1984 after the former receptionist left the employment of the law firm of Stoup & Thompson.[1] We also accept the statement in Mr. White's affidavit that under the internal procedures of the law firm of Stoup & Thompson, he, rather than co-counsel of record for the defendant, was the attorney primarily responsible for the preparation of the defense on behalf of the defendant. We further accept the implication of Mr.

White's statements that in spite of the fact that he had personally approved the form of the final judgment pursuant to Order (3) entered by this Court on August 17, 1984 before he left the United States, that no other lawyer in the law firm of Stoup & Thompson, including defendant's co-counsel of record, assumed or was assigned any responsibility or duty whatsoever to ascertain when the final judgment would be entered.[2]

We, of course, accept the statement in Mr. White's affidavit that he did not personally learn of the entry of the final judgment until after the time for appeal had expired. We do not, however, conclude that such a fact is either controlling or even material. In addition, this Court cannot properly ignore the undisputed factual circumstances that the Clerk's office, in accordance with Rule 77(d) and Rule 5 of the Federal Rules of Civil Procedure, served a copy of the August 28, 1984 final judgment on the defendant on two separate occasions after the judgment was entered.

It is undisputed that a copy of the August 28, 1984 final judgment was in fact received by defendant's counsels' law firm immediately after it was entered. Nor has the defendant filed any affidavit that suggests that defendant's law firm did not receive the certified copy of the August 28, 1984 final judgment which was attached to plaintiff's September 5, 1984 certificate that a notice of that final judgment had been filed in the Circuit Court of Jackson County, Missouri. Indeed, as plaintiff's counsel has properly pointed out, there is no affidavit before the Court which suggests that Mr. Stoup, defendant's co-coun-

---

**1.** On page 6 of defendant's October 18, 1984 supporting suggestions it is expressly recognized that "the neglect is apparent. The Affidavit of David W. White attested to the fact that a clerical error resulted in misfiling of the Court's Order."

**2.** It is not necessary that we make any finding in regard to the argument made on page 6 of defendant's October 18, 1984 supporting suggestions that "defense counsel was not in a position to predict when the Court would in fact issue its final judgment" for the alleged reason that "the Court's original Order of August 17, 1984 set no

deadline for the Court's signing an issuance of its final order." The last paragraph of Order (3) stated that "Counsel for both parties will understand that the directions above stated are designed to insure that the final judgment eventually entered will be in a form which will eliminate any complications for purposes of appellate review. It would have been obviously unreasonable for counsel for either side to assume there would be any substantial delay in the entry of an order approved as to form when the same was presented to the Court.

sel of record, did not have actual knowledge of the entry of the August 28, 1984 final judgment before the expiration of the time for appeal.[3]

In the final analysis the ultimate question presented is whether the undisputed factual circumstances above stated can be said to constitute "excusable neglect" within the meaning of Rule 4(a)(5) of the Federal Rules of Appellate Procedure. We conclude that defendant has failed to make the showing required by Rule 4(a)(5) under the applicable legal authorities discussed in the next part of this memorandum opinion.

V.

The early and often cited Eighth Circuit case of *Winchell v. Lortscher*, 377 F.2d 247 (8th Cir.1967), established the controlling principle of law that is applicable to this case. *Winchell*, of course, construed former Rule 73(a) of the Federal Rules of Civil Procedure, the predecessor rule of present Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The substance of former Rule 73(a) is now contained in Rule 4(a)(5) and cases construing the former rule are applicable to present Rule 4(a)(5). The Notes of the Advisory Committee stated that the 1979 amendment to Rule 4(a)(5) of the Rules of Appellate Procedure was not intended to change the standard applicable to a motion made after the time for filing the notice of appeal has run, as that standard was originally stated in former Rule 73(a) of the Rules of Civil Procedure. *Winchell* decided that:

Rule 73(a) does not stand in isolation but functions concurrently with all other Federal Rules of Civil Procedure. The two other rules that are directly applicable to the functioning of Rule 73(a) in the

present context are Rule 77(d) and Rule 5(b). *Id.* at 252.

While *Winchell* reversed the district court's finding of excusable neglect and its grant of a motion for extension of time to appeal, that case involved a factual situation in which it was undisputed that appellant's attorney had, in fact, received a notice of the entry of final judgment before the expiration of the 30-day time for appeal. The rationale of *Winchell*, however, is applicable to cases involving factual circumstances similar to those involved in this case.

The Second Circuit, for example, in *Fase v. Seafarers Welf. & Pension Plan*, 574 F.2d 72, 76 (2d Cir.1978), cited and relied on *Winchell* to support the principle that "the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable." *Fase* also adopted and applied the rationale of the Tenth Circuit as stated in *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 369 (10th Cir.1974), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974), in regard to the meaning that must be given the phrase "excusable neglect." *Fase* held that "we believe that the determination of 'whether neglect is excusable depends on the facts of the case at hand and ... should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed.' *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 369 (10th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974), *quoting Buckley v. United States*, 382 F.2d 611, 614 (10th Cir.1967), *cert. denied*, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968)." *Fase, supra*, 574 F.2d at 76.[4]

---

3. Mr. Stoup personally appeared at all conferences held in connection with the above case in this Court. Indeed, in an affidavit dated July 20, 1984, which was attached to defendant's suggestions in opposition to plaintiff's motion for summary judgment filed the same day, Mr. Stoup stated that as of that time "I am the lead counsel for the defendant, Michael K. Green" and that he had also "prepared the Petition, Motions and Briefs of Michael K. Green, which were filed in Case No. CV83–20260, in the Cir-

cuit Court of Jackson County, Missouri." Defendant, as plaintiff in the State court case, sought $109,807.50 actual damages in Count One and $250,000.00 actual and $1,000,000.00 punitive damages in Count Two in his petition filed in State court.

4. For reasons that are not clear, defendant quoted the "common sense approach" language from *Buckley* which had been quoted in *Gooch* and adopted in *Fase*. In *Buckley* the Tenth Circuit

In *Fase* the district court granted plaintiff's motion for summary judgment. As in this case, a copy of the district court's memorandum opinion was promptly mailed and admittedly received by all the parties. Although the clerk's office actually entered final judgment on the same day, it was undisputed that, contrary to the express requirements of Rule 77(d), the "clerk's office did not send notice of the entry of judgment to the parties." As in this case, counsel for the defendant did not learn of the entry of the final judgment until after the 30-day time for appeal had expired.

The district court granted defendant's Rule 4(a)(5) motion, based on a finding of "excusable neglect". The Second Circuit reversed holding that in spite of the obvious violation of Rule 77(d) by the clerk's office, "the failure of the clerk to notify the parties does not excuse the [defendant] Plan." The Second Circuit in *Fase*, as did the Eighth Circuit in *Winchell*, focused attention on that portion of Rule 77(d) which states that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."

Both *Fase* and *Winchell* quoted the Advisory Committee Note to Rule 77(d) which stated:

Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in [Fed.R.App.P. 4(a)], *the court may take*

*into account,* as one of the factors affecting its decision, *whether the clerk failed to give notice as provided in rule 77(d), or the party failed to receive the clerk's notice.* It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. *It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.* (*Winchell*'s emphasis).

In *Fase*, the Second Circuit reversed the district court's finding of "excusable neglect" and dismissed the appeal for the following stated reasons:

Each of the parties received copies of the district court's memorandum opinion and order immediately after they were filed. This in itself should have been sufficient to alert the Plan as to the deadline for filing the notice of appeal ... the fact that the district court clerk did not send notice of entry of final judgment is not in and of itself sufficient to establish "excusable neglect." *Quite to the contrary, Rule 77(d) is consistent with the duty of legal counsel to see that important filing deadlines are met* ... *In sum, therefore, this case presents what appears to us to be a rather run-of-the-mill oversight by the Plan's attorney, not the sort of exceptional circumstances in which an extension is warranted* ... We are mindful that in most circumstances a district court's finding of "excusable neglect" should be given great deference by a reviewing court, see *Lowry v. Long Island R.R., supra,* 370 F.2d [911] at 912 [ (2d Cir.1966) ]; *Gooch v. Skelly Oil Co., supra,* 493 F.2d at 368, but *where the losing party has promptly received the court's order and opinion, and the only*

affirmed the district court's denial of a criminal defendant's motion for an extension of time to appeal. *Buckley* was cited with approval by the Eighth Circuit in *Benoist v. Brotherhood of Locomotive Engineers,* 555 F.2d 671, 672 (8th Cir.

1977), to support that court's affirmance of the district court's denial of a Rule 4(a)(5) motion for an extension of time to appeal. Both *Buckley* and *Benoist* involved factual circumstances quite similar to those involved in this case.

*extenuating circumstance is the failure of the clerk to send notice of entry of judgment, we cannot affirm.* (Emphasis ours). *Fase, supra,* 574 F.2d at 77.

*Fase,* of course, involved factual circumstances more favorable to the defendant in that case than are presented under the undisputed factual circumstances of this case. For there is no question that in this case, unlike *Fase,* the clerk's office did, in fact, serve a copy of the final judgment on the defendant in full accordance with the requirements of Rule 77(d). In addition, defendant has not denied that the copy of that final judgment attached to plaintiff's September 5, 1984 filing was, in fact, received by defendant's law firm.[5]

Defendant's supporting suggestions cited and placed great reliance on *Resnick v. Lehigh Valley R. Co.,* 11 F.R.D. 76 (S.D.N.Y.1951). *Brahms v. Moore-McCormack Lines, Inc.,* 18 F.R.D. 502 (S.D.N.Y.1955), a later Southern District of New York case, establishes that *Resnick* may not be read as broadly as defendant would have this Court read that case. Indeed, the factual circumstances detailed in *Brahms,* in which a former Rule 73(a) motion for extension of time was denied, are almost identical to those involved in the pending case.

The prime difficulty, however, with both the Southern District of New York cases is the fact that both *Resnick* and *Brahms* failed to recognize the fundamental principle articulated by the Eighth Circuit in *Winchell* which establishes that former Rule 73(a) did not stand in isolation but that that rule must be considered as functioning concurrently with Rule 77(d) and Rule 5. Neither of the Southern District of New York cases even so much as mentions Rule 77(d). We accordingly conclude that

defendant's reliance on *Resnick* is untenable.

*Pasquale v. Finch,* 418 F.2d 627, 630 (1st Cir.1969), cited *Brahms* and cases from the Second and Tenth Circuits with approval but refused to follow *Resnick.* In that case the First Circuit dismissed an appeal noticed by the government after the district court had granted a Rule 4(a)(5) motion for an extension of time. *Pasquale* reversed the district court's finding that there was "excusable neglect" under the circumstance that the "only excuse offered by the government for the fact that the March 11 judgment was not discovered until June 4 was that the notification was mislaid due to a mistake in the handling of the mail after it was received by the Justice Department." *Id.* at 630. The First Circuit concluded in *Pasquale* that an affirmance of the district court's finding of excusable neglect based on the government's obvious mishandling of its mail would "enlarge a remedial power devised for an exceptional case as to cover any kind of garden-variety oversight." *Id.*

*Pasquale* was most recently followed in the First Circuit in *Airline Pilots' Union v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978). The court stated that "[t]he sole issue in this case is whether the district court erred as a matter of law in allowing Airline Pilots Union, plaintiff-appellee, to file its Notice of Appeal late pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure." *Id.* at 1174. The notice of appeal was dated and mailed on September 2. The last day for filing was September 1.

The reason given for the late filing was that: "Through inadvertence or mistake, a secretary in the employ of plaintiff's attorney diaried the date upon which the appeal

---

5. Defendant has cited and attempts to rely on *Vasquez v. Brezenoff,* 93 F.R.D. 583 (S.D.N.Y. 1982), to support its pending Rule 4(a)(5) motion. That case, however, reflected the granting of a Rule 60 motion in order to permit a late appeal. The factual circumstances involved in *Vasquez* were entirely different from those presented in this case. In addition, *Vasquez'* application of Rule 60 is entirely inconsistent with the Eighth Circuit construction and application of Rule 60 in the recent case of *L.Z. v. Parrish,* 733 F.2d 585 (8th Cir.1984). *See also Hensley v. Chesapeake & O. Ry. Co.,* 651 F.2d 226 (4th Cir.1981), and the cases cited from still other circuits all of which are consistent with the Eighth Circuit's recent construction of Rule 60 in *Parrish.*

period expired as September 11th instead of September 1st. As a result, plaintiff's attorney believed the period expired on September 11th and that mailing the Notice of Appeal on September 2nd would result in the same being received by the office of the Clerk prior to ·September 11th." *Id.*

The district court order grant of a Rule 4(a)(5) motion was reversed and the appeal was dismissed for the reason that "[c]ases from this and other circuits make it clear that a mistake such as this is not excusable neglect within· the meaning of the rule." *Id.* at 1175. . *Airline Pilots' Union* held that "[a] mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule." *Id.* The First Circuit, as did this Court in its October 10, 1984 memorandum opinion, cited 9 Moore's Federal Practice ¶ 204.13 for a collection of the cases from circuits other than the First Circuit to which *Pasquale* made reference.

Both the First Circuit in *Pasquale* and the Fourth Circuit in *Hensley v. Chesapeake & O. Ry. Co., supra,* cited and followed the rationale of Chief Judge Murrah's opinion for the Tenth Circuit in *Long v. Emery,* 383 F.2d 392 (10th Cir.1967). While that case affirmed a district court's denial of a Rule 4(a)(5) motion rather than reversing a district court's finding of excusable neglect, *Long v. Emery* was one of the first cases to conclude that the purpose of the 1946 amendment to Rule 77(d) was · to dilute the implications of the Supreme Court's decision in *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944).

*Long v. Emery* noted that the appellant placed "specific reliance" on particular language in *Hill v. Hawes.* The court then stated that "[i]t is conceded that Rule 77(d) was amended in 1946, shortly after the Hill decision, by adding the additional sentence that 'Lack of notice of the entry by the clerk does not affect the time to appeal or

relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a).'" The court then concluded that "Rule 77(d), as amended, thus plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest." *Long v. Emery, supra,* 383 F.2d at 394.

The rationale of *Long v. Emery* was relied upon by the Tenth Circuit in *Gooch v. Skelly Oil Co., supra,* 493 F.2d at 370, which did dismiss an appeal and which did reverse a district court's finding of excusable neglect.[6] In *Gooch,* as in this case, the party who had failed to file a timely appeal was "represented by two attorneys, each being an attorney of record." *Id.* at 368. The attorney of record who lived in Hugoton, Kansas, in fact, received a copy of the district court's appealable order. The attorney who lived in Wichita, Kansas did not receive a copy of that order. The district court granted a Rule 4(a)(5) motion. Appellee filed a motion in the Court of Appeals to dismiss the appeal. The court noted that "[i]t is the appellees' basic position that the trial court's finding of excusable neglect is not supported by the record and that, on the contrary, the record shows no excusable neglect, as a matter of law." *Id.* at 368.

*Gooch* also noted that the Tenth Circuit had concluded in *Long v. Emery, supra,* that "Rule 77(d), as amended, charges a prospective appellant with the duty to keep himself apprised as to the status of his case" and that the same court in *Cohen v. Plateau Natural Gas Co., supra,* had "indicated that the fact that 'chief' counsel had not received notice from the clerk did not, as a matter of law, make out a cause of excusable neglect." *Id.* at 370. The Tenth Circuit held in *Gooch* "[o]ur indication in *Cohen* becomes our holding in the present case" and dismissed the appeal for

**6.** For additional Tenth Circuit cases see *Lathrop v. Oklahoma City Housing Authority,* 438 F.2d 914 (10th Cir.1971), *cert. denied,* 404 U.S. 840, 92 S.Ct. 132, 30 L.Ed.2d 73 (1971); *Cohen v. Plateau Natural Gas Co.,* 303 F.2d 273 (10th Cir.1962); *Maryland Casualty Co. v. Conner,* 382 F.2d 13 (10th Cir.1967).

the reason that "[t]he present record does not in our view disclose circumstances that are either unique or extraordinary, only run-of-the-mill oversight growing out of a lack of communication between co-counsel, each of whom was counsel of record." *Id.* at 370.

Three recent Ninth Circuit cases, which cite numerous earlier cases in that circuit, recognize and apply the same standard as that applied in all circuits, including the Eighth, to Rule 4(a)(5) motions. Although *Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028, 1034 (9th Cir.1979), involved an application of Bankruptcy Rule 802, the court noted that because "Rule 802 so closely parallels FRAP 4(a), which is based upon FRCP 73(a), our interpretation of excusable neglect under Rule 802 should follow the principles governing a finding of excusable neglect under Rule 73(a)." On the facts, the Ninth Circuit stated that "[t]he bankruptcy judge concluded that Ferrous' late request for extension of time was excusable because 1) counsel did not know of the time limit until after the 10-day period had expired and 2) the decision to appeal could not be made while Ferrous' president was out of the state." *Id.* at 1033.

*Matter of Estate of Butler's Tire & Battery Co., Inc.*, was apparently the first case in which the Ninth Circuit reversed a district court's finding of excusable neglect and dismissed the appeal that had been noticed pursuant to a district court's grant of a Rule 4(a)(5) motion. For the court stated that "[a]lthough we have not reversed a finding of excusable neglect in this circuit, other circuits have done so." [7] The Ninth Circuit reversed for the reason

that "Ferrous did not establish that its failure to apply for an extension of time within 10 days of the bankruptcy court judgment resulted from excusable neglect." *Id.* at 1030.

*State of Or. v. Champion Intern. Corp.*, 680 F.2d 1300 (9th Cir.1982), affirmed a district court's denial of a Rule 4(a)(5) motion. That case cited earlier Ninth Circuit cases (the citation of which we omit), and concluded "[t]he standard for determining excusable neglect is 'a 'strict' one' ... It was intended to apply only to 'extraordinary cases where injustice would otherwise result' ... Inadvertence or mistake of counsel does not constitute excusable neglect ... Nor does clerical error by counsel's staff ... Extending the excusable neglect exception to clerical errors of counsel or counsel's staff would be inconsistent with the Advisory Committee's intent to limit the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of judgments." *Id.* at 1301.

That standard was most recently applied by the Ninth Circuit in *Sprout v. Farmers Ins. Exchange*, 681 F.2d 587 (9th Cir.1982), in which the district court's grant of a Rule 4(a)(5) motion was reversed and the appeal dismissed. On the facts, counsel for the party against whom a motion for summary judgment was ruled "prepared a notice of appeal late in the afternoon of August 7, 1980, the last day on which appeal could be taken under Fed.R.App.P. 4(a)(1), and sent his secretary to the district court clerk's office to file it." For reasons not stated in the opinion, the secretary "arrived shortly after the clerk's office closed at 4:00 p.m." Accordingly; "[t]he notice of appeal was

---

**7.** *Id.* at 1033. The court directed specific attention to the Seventh Circuit case of *Grantham v. Morgan Linen Serv., Inc.*, 426 F.2d 237 (7th Cir.1970), to the First Circuit case of *Airline Pilots Union v. Executive Airlines, Inc., supra,* and to the Tenth Circuit case of *Gooch v. Skelly Oil Co., supra.*

It is unnecessary that we discuss defendant's reliance upon the Seventh Circuit case of *Feeder Line Tow. Serv. Inc. v. Toledo P. & W. RR Co.*, 539 F.2d 1107 (7th Cir.1976), for the reason that that case merely reflects the affirmance of a

district court's granting of a Rule 4(a)(5) motion based on the district court's finding that counsel's good faith opinion that section 2107 controlled the time of filing a notice of appeal in an admiralty suit constituted excusable neglect. The Seventh Circuit made clear that it, like many of the cases above cited, agreed with the statement in Stern, *Changes in Federal Appellate Rules,* 41 F.R.D. 297, 298–99 (1936), that after the 1966 amendment of former Rule 73(a), "the standard of excusable neglect remain a strict one."

not filed until August 8, 1980—one day late." *Id.* at 588.

The appellant in *Sprout,* with a more favorable factual basis than that of the defendant in this case, made substantially the same argument as that made in defendant's suggestions in support of the pending Rule 4(a)(5) motion—namely, it was argued that "the notice was 'only' one day late and it would be 'harsh' to apply the rule to them." *Id.* at 588. The Ninth Circuit rejected that argument in *Sprout* for the reason that "the requirements of Fed.R. App.P. 4(a) are mandatory and jurisdictional." and because "[w]here, as here, there is no excuse for the late filing of a notice of appeal, it is an abuse of discretion for a district court to grant an extension of time and the court of appeals does not have jurisdiction." *Id.* at 588.

## VI.

This Court is under duty to apply the Rule 4(a)(5) standard stated in the Eighth Circuit and other cases we have discussed in detail. There can be no doubt that defendant's failure to file a timely notice of appeal was caused by neglect. Defendant frankly and accurately stated on page 6 of his supporting suggestions that the "neglect is apparent."

■ We are satisfied that any impartial observer would be required to find and conclude that it was neglectful for both of defendant's counsel to delegate to the law firm's receptionist the duty of ascertaining when the final judgment, the form of which had been approved by defendant's counsel pursuant to the procedures directed by Order (3) entered by this Court on October 10, 1984, would be entered. The notion that such neglect was excusable within the meaning of Rule 4(a)(5) because defense counsel "was never informed when the final Order was issued" is untenable for the reason that the cases make clear that Rule 77(d) charges a prospective appellant with the duty of following the progress of a case and of advising himself of when the final order he may wish to appeal is actually entered by the court.

■ It was even more neglectful for both of defendant's co-counsel of record to delegate the effective discharge of the duty imposed by Rule 77(d) to a temporary replacement of the receptionist that left the law firm's employ, apparently before one of defendant's co-counsel of record left the United States for an extended period of time. The fact that one of defendant's counsel filed a motion for an extension of time within which to file a notice of appeal shortly after he learned that the temporary receptionist had misfiled the first copy of the August 28, 1984 final judgment that was admittedly served on defendant by the Clerk's office in accordance with Rule 77(d) and Rule 5 does not excuse defendant's neglectful disregard of the duty imposed by Rule 77(d). The secretary's failure to get to the courthouse before the clerk's office 4:00 p.m. closing time involved in *Sprout,* which resulted in the filing of the notice of appeal only one day late, presented a more superficially valid excuse than that tendered by defendant in this case.

[3] The cases establish that the inadvertence and neglectful mistakes of counsel and the clerical errors of counsel's office staff can not properly be considered as "excusable neglect" within the meaning of Rule 4(a)(5). *Pasquale, Fase,* and *Gooch* make clear that the principles stated in former Rule 73(a) and in present Rule 4(a)(5) and in Rule 77(d) were not designed to cover the sort of "garden-variety" or "run-of-the-mill oversights" of counsel and of persons on counsel's clerical staff as presented under the undisputed facts of this case. For, as the cases point out, the extension of the "excusable neglect" concept to the mistakes and clerical errors of a receptionist or a file clerk employed by a law firm, would be inconsistent with Rule 4(a)(5)'s purpose of promoting the finality of judgments. *See Pasquale, supra,* 418 F.2d at 630 and *State of Or. v. Champion Intern. Corp., supra,* 680 F.2d at 1301.

We therefore find and conclude that defendant has failed to make a sufficient showing of excusable neglect under Rule

4(a)(5) to support an order that would grant defendant additional time within which to file a notice of appeal.

### VII.

Accordingly, and for the reasons stated, it is

ORDERED (1) that defendant's October 18, 1984 "Motion for Order Nunc Pro Tunc Approving Filing of Notice of Appeal," which we find and conclude we should treat as a Rule 4(a)(5) motion for an extension of time within which to file a notice of appeal, should be and the same is hereby denied. It is further

ORDERED (2) that the Clerk's office immediately refund the firm of Stoup & Thompson $70.00 ($65.00 of which was received October 18, 1984 and $5.00 of which was received October 19, 1984).

### APPENDIX

### OCTOBER 10, 1984 MEMORANDUM AND ORDERS DIRECTING FURTHER PROCEEDINGS

JOHN W. OLIVER, Senior District Judge.

### I.

This case pends on an application for extension of time until October 15, 1984 in which to file a notice of appeal of this Court's final judgment entered on August 28, 1984. That application was filed by the defendant, acting by and through his attorneys of record, on October 31, 1984. It is thus to be noted at the outset that defendant's pending application was filed after the expiration of the 30-day period of time provided in Rule 4(a)(1) of the Federal Rules of Appellate Procedure for the filing of a notice of appeal to the Court of Appeals as a matter of right.

Defendant inappropriately alleged that this "motion is made pursuant to the provision of 28 U.S.C. Section 2107," the fourth paragraph of which was quoted in defendant's application. 28 U.S.C. § 2072, amended by the Congress in 1966, authorized the Supreme Court to prescribe rules for the courts of appeal for all civil proceedings therein, including appeals from the district courts.

That statute expressly provided that "All laws in conflict with such rules shall be of no further effect after such rules have taken effect." The Federal Rules for Appellate Procedure became effective July 1, 1968. Rule 4(a)(5) of those rules, which adopted the language of former Rule 73(a) of the Federal Rules of Civil Procedure, as amended in 1966, provides that:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

9 Moore's Federal Practice ¶ 204.07, p. 4–24, accurately states that: "To the extent the provisions of Rule 4(a) conflict with those of Section 2107, the statute is no longer effective, because rules prescribed by the Supreme Court under 28 U.S.C. § 2072 supersede laws with which they are in conflict." Professor Moore added that Section 2107 was specifically obsolete in regard to the fourth paragraph quoted by defendant in his pending application for an extension of time:

> The fourth paragraph of Section 2107 is no longer in effect. It conflicts with the provisions of Rule 4(a) that the district court may extend the time for appeal upon a showing of excusable neglect without reference to the statutory restriction that the neglect must be based on failure of a party to learn of the entry of judgment.

It is thus clear that Rule 4(a) of the Federal Rules of Appellate Procedure, rather than 28 U.S.C. § 2107, vests this Court with jurisdiction to consider a motion for an extension of time within which to file a notice of appeal of the final judgment in the above case on August 28, 1984.

It should further be noted at the outset that the words "or good cause" were added to Rule 4(a)(5) by the 1979 amendments to the Federal Rules of Appellate Procedure.

Prior to 1979, Rule 4(a)(5) expressed the single standard of "excusable neglect." The Committee Note to the 1979 amendment of Rule 4(a)(5) appropriately stated, however, that the "excusable neglect" standard remains the appropriate standard to be applied when a motion is made after the initial appeal time has run and that the "good cause" standard is applicable only to a motion for an extension filed before the expiration of time for filing a notice of appeal.

The 1979 Committee Note to Rule 4(a)(5) stated in part that:

> The proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a "showing of excusable neglect." While this was an appropriate standard in cases in which the motion is made after the time for ruling the notice of appeal has run, *and remains so,* it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. *In such a case* "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate. (Emphasis ours).

Because defendant has attempted to proceed under an obsolete statute that has been superseded by Rule 4(a)(5) of the Federal Rules of Appellate Procedure, defendant's pending application will be denied without prejudice, with leave being granted to defendant to proceed by motion as authorized by said Rule 4(a)(5).

## II.

Defendant's Section 2107 application may not properly be considered as a motion filed pursuant to Rule 4(a)(5). For it is clear that defendant did not even attempt to make any "showing of excusable neglect" as required by Rule 4(a)(5). Defendant's Section 2107 application simply alleged that "[t]his is the first such request for an extension of time, and granting of this extension will not, in any way, prejudice

the case of either party as to the ultimate issues of the case."

Defendant's suggestions in support of his Section 2107 application accurately stated in its paragraph 1 that final judgment was entered in this case on August 28, 1984. Paragraph 2 simply stated that because David W. White, one of defendant's counsel of record, was on active duty in the United States Army Reserve from September 1, through 17, 1984, the copy of final judgment entered on August 28, 1984 "was not immediately reviewed by Mr. White or anyone else in the Office." Paragraph 3 of defendant's supporting suggestions stated that "due to a clerical error, said Order was misfiled, and as a result the attorney primarily responsible for Mr. Green's defense was not aware of the existence of the Court's Order."

The affidavit of Mr. White attached to defendant's supporting suggestions did no more than generally reiterate the factual statements made in defendant's supporting suggestions. Paragraph 4 of Mr. White's affidavit conceded, however, that a "copy of the Court's final judgment ... had been mailed to our office." That paragraph also repeated the statement in defendant's supporting suggestions that "[s]aid copy had been misfiled due to a clerical error."

The two final paragraphs of Mr. White's affidavit stated that "had I, upon my return to the United States, been aware of the existence of the signed final judgment, that I would have made sure that a Notice of Appeal would have been filed in a timely manner on behalf of Mr. Green had it been his request to do so" and that "since I have just learned of the Court's final judgment order, I have not been able to contact Mr. Green to advise him concerning his right of appeal and the other alternatives."

Defendant did not state or allege in either the application, the supporting suggestions, or the attached affidavit, that the factual circumstances related in those filings constituted a showing of excusable neglect.

## III.

The files and records in the above case show that on August 17, 1984, for reasons stated in a memorandum filed that day, the Court entered orders which (1) denied defendant's alternative motion to dismiss or to stay and (2) granted plaintiff's motion for summary judgment. The third order entered August 17, 1984 stated the following:

ORDERED (3) that, in accordance with Rule 58 of the Rules of Civil Procedure, counsel for plaintiff shall within ten (10) days of this order prepare a form of final judgment, the same to be generally consistent with the prayer contained in paragraph 6 of plaintiff's May 31, 1984 motion for summary judgment, for ultimate submission to the Court for its approval.

Counsel for plaintiff shall submit his draft of a proposed final judgment to counsel for the defendant for defendant's counsel's approval, solely as to the form of the said proposed final judgment.

Counsel for plaintiff shall thereafter, and within the ten (10) day period, submit the proposed form of final judgment to the Court for its approval.

Counsel for both parties will understand that the directions above stated are designed to insure that the final judgment eventually entered will be in a form which will eliminate any complications for purposes of appellate review.

On August 27, 1984, counsel for plaintiff served and filed its submission of a proposed final judgment in accordance with Order (3) entered on August 17, 1983. That submission stated that "[d]efendant's attorneys have approved the Proposed Final Judgment as to Form." The proposed final judgment attached to plaintiff's submission shows that David W. White, on behalf of Stoup & Thompson, did, in accordance with Order (3) entered August 17, 1984, in fact, approve the proposed final judgment as to form only.

Accordingly, the Court entered the Final Judgment on August 28, 1984 in the form proposed by plaintiff as expressly approved by defendant's counsel. In addition, the record in this case shows that on September 5, 1984 plaintiff served on both of defendant's attorneys of record a certificate which certified that a notice of this Court's final judgment had been filed in Case No. CV83–20260 in the Circuit Court of Jackson County, Missouri. A certified copy of this Court's August 28, 1984 Final Judgment was attached to plaintiff's certificate of filing.

The Clerk's office has advised the Court that copies of (1) the August 27, 1984 proposed final judgment, approved as to form by defendant's counsel; (2) of the August 28, 1984 Final Judgment; and (3) the plaintiff's certificate of filing, to which another copy of the August 28, 1984 Final Judgment was attached, were all served on both of the defendant's attorneys of record in accordance with Rule 77(d) and Rule 5 of the Federal Rules of Civil Procedure.

## IV.

On October 4, 1984 plaintiff filed a resistance to defendant's application for an extension of time in which to file notice of appeal. That "resistance" did not question defendant's effort to proceed under 28 U.S.C. § 2107. It simply stated that "[d]efendant was aware final judgment would be entered in this case, because defendant approved the form of the final judgment" and that "[t]here is no showing that defendant's co-counsel, Arthur H. Stoup did not receive notice of the entry of the final judgment."

Although this Court's order either granting or denying defendant's pending application for an extension of time is subject to appeal to the Court of Appeals, plaintiff did not cite any legal authority in support of its resistance to defendant's application for an extension of time.[1] It is also apparent that defendant, except for the untenable citation of 28 U.S.C. § 2107, has not cited any legal authority to support its implicit contention

---

**1.** Plaintiff has since filed a supplemental brief in support of its resistence to defendant's application.

cation. That supplemental brief will be discussed in the addendum to this memorandum.

that the defendant has made a showing of excusable neglect.

The numerous Court of Appeals and district court cases that have considered and applied the standard now provided in Rule 4(a)(5) are collected in 9 Moore's Federal Practice ¶ 204.13, p. 4–89 et ff. and in 16 Wright-Miller-Cooper-Gressman, Federal Practice and Procedure, Section 3950, p. 360 et ff.

This Court does not believe it should rule the merits of defendant's application for an extension of time without affording the defendant an opportunity to prepare, serve and file an appropriate motion under Rule 4(a)(5), together with suggestions in support of such a motion which shall direct the Court's attention to any legal authority relied upon by defendant and which shall also clearly state whether defendant believes that an evidentiary hearing may be required to resolve any dispute about any material fact in regard to the factual circumstances that defendant may claim as constituting a showing of excusable neglect within the meaning of Rule 4(a)(5).

Accordingly, orders will be entered denying defendant's pending Section 2107 application for an extension of time without prejudice and granting defendant leave to file a motion pursuant to Rule 4(a)(5) together with appropriate suggestions in support thereof. A further order will be entered granting plaintiff leave to file suggestions in opposition to defendant's new motion.

For the reasons stated, it is

ORDERED (1) that defendant's Section 2107 application for an extension of time in which to file notice of appeal should be and the same is hereby denied without prejudice. It is further

ORDERED (2) that defendant is granted leave to file a new motion pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure together with appropriate suggestions in support of such motion on or before October 18, 1984. It is further

ORDERED (3) that plaintiff shall file its suggestions in opposition to any Rule 4(a)(5) motion that defendant may file pursuant to Order (2) above on or before October 25, 1984.

### ADDENDUM

The above memorandum and orders were in final draft when the Clerk's office transmitted plaintiff's supplemental brief in support of plaintiff's resistance to defendant's application for extension of time filed October 9, 1984.

Plaintiff's supplemental brief cites a number of Rule 4(a)(5) decisions decided by the Eighth, Ninth, and Tenth Circuits and one district court decision decided by the Southern District of New York. In the usual course of events the Court would anticipate that defendant would file a response to plaintiff's supplemental brief.

The filing of such a response, however, would necessarily be in support of defendant's Section 2107 application. The orderly procedures provided by the orders that were in final draft when plaintiff's supplemental brief was called to the Court's attention would thus be nullified if the parties are permitted to file additional briefs in regard to an application made under an obsolete statute.

The Court is satisfied that defendant should be permitted the opportunity to attempt to make a showing of excusable neglect by the filing of a new motion, as authorized by Rule 4(a)(5). We are equally satisfied that plaintiff should be afforded the opportunity to respond to any Rule 4(a)(5) motion that defendant may file by filing suggestions in opposition to such a motion, all in accordance with applicable law.

The orders we have entered above grant defendant leave to file such a new Rule 4(a)(5) motion, together with supporting suggestions, within 30 days after the expiration of the time prescribed for defendant to have filed a notice of appeal of the final judgment entered August 28, 1984.

Both Rule 4(a)(5) and the Committee Notes to the 1979 amendment of that rule make clear that should defendant decide to file a new Rule 4(a)(5) motion, such motion

would be timely filed and the Court would be authorized to grant or deny such a motion after the expiration of the additional 30-day period.

The last sentence of Rule 4(a)(5) provides that: "No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later." And the 1979 Committee Note to the amendment of Rule 4(a)(5) states that: "The proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered."

The question presented is a most important question and, in this Court's judgment, should be presented and decided in accordance with applicable law. We therefore decided to enter the orders which were in final draft when we received plaintiff's supplemental brief because those orders will permit the parties to proceed in accordance with applicable Rule 4(a)(5) and thus eliminate the confusion created by defendant's initial reliance upon Section 2107.