Christopher VAHAN, Plaintiff–Appellant,

v.

Donna E. SHALALA,* Secretary,
Health and Human Services,
Defendant–Appellee.

No. 93–35227.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1994.

Decided July 18, 1994.

Leroy P. Shuster, Spokane, WA, for plaintiff-appellant.

Patrick E. McBride, Seattle, WA, for defendant-appellee.

Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.

PER CURIAM:

Christopher Vahan ("Vahan") appeals the district court's order affirming the Secretary's denial of disability insurance benefits and supplemental security income. We dismiss the appeal for lack of jurisdiction.

* Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

The district court's final judgment is stamped "FILED, ENTERED AND NOTED IN CIVIL DOCKET," and dated October 14, 1992. On January 21, 1993, Vahan's counsel telephoned the district court clerk and stated that he had not received a copy of the final decision. He was told that an adverse judgment had been entered on October 14, 1992. Vahan's counsel received a copy of the final judgment on February 1, 1993. Vahan filed a motion for extension of time to file an appeal on March 3, 1993. The district court granted the motion on March 4, 1993, and Vahan filed a notice of appeal on March 5, 1993.

■ Federal Rule of Appellate Procedure 4(a)(1) requires that in a case in which the United States or an officer or agency thereof is a party, the notice of appeal must be filed within sixty days after the date of entry of the judgment appealed from. The time limits prescribed in Rule 4(a) for filing a notice of appeal are jurisdictional. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988). *See also Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). In this case the time for appeal began to run on October 14, 1992, when the district court entered its final judgment in compliance with Rule 4(a)(7). Vahan did not file a notice of appeal within sixty days of that date. Therefore, unless his case falls under one of the exceptions to the requirements of Rule 4(a)(1), his appeal must be dismissed.

■ If the district court finds that a party did not receive notice of the judgment appealed from, Rule 4(a)(6) permits the court, upon motion filed within one hundred eighty days of entry of the judgment, or within seven days of the receipt of actual notice, whichever is earlier, to reopen the time for appeal for a period of fourteen days from the date of entry of the order granting the motion. Vahan received notice of the entry of judgment, at latest, on February 1, 1993. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct. 453, 455, 112 L.Ed.2d 435 (1990) (party deemed to have notice of facts of which attorney has notice). Because he did not file a motion with the district court by February 8, 1993, the district court did not have authority under Rule 4(a)(6) to reopen or extend the time for filing a notice of appeal. *Latham v. Wells Fargo Bank, N.A.,* 987 F.2d 1199, 1202 (5th Cir. 1993).

■ Nor did the district court have such authority under Rule 4(a)(5), which permits the "district court upon a showing of excusable neglect or good cause, [to] extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." In this case, the sixty day period prescribed by Rule 4(a)(1) expired December 14, 1992. Because Vahan did not bring a motion within thirty days of that date, the district court had no authority under Rule 4(a)(5) to extend the time for filing a notice of appeal.

■ Vahan argues that the district court acted within its discretion in granting an extension because Vahan, through no fault of his own, did not receive notice of the district court's final judgment. Alternatively, he asks this court to establish the date when the district court entered its final judgment as February 1, 1993, which is the day Vahan received notice of the judgment. The district court had no discretion to grant an extension beyond the time provided for by Rule 4(a)(5) and 4(a)(6), and this court has no authority to re-establish the date on which final judgment was entered. To hold otherwise would circumvent the jurisdictional nature of Rule 4(a).

The appeal is dismissed.

DISMISSED.