45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard BERKEY, Plaintiff/Appellant
v.
TEXACO INC., Defendant/Appellee.
 No. 93-16091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1994.*
Decided Dec. 19, 1994.
 
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Berkey appeals the district court's order denying his motion to reopen the time to appeal from the district court's summary judgment in favor of Texaco. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Berkey claims that it was error for the district court to deny his motion because he did not receive notice of the district court's judgment within the time specified for filing a notice of appeal. However, "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.Civ.P. 77(d). Because Berkey did not file a notice of appeal within 30 days of the entry of judgment and the exceptions specified in Rules 4(a)(5) and 4(a)(6) do not apply, his appeal must be denied. Vahan v. Shalala, 30 F.3d 102 (9th Cir.1994).[1]
 
 
 4
 Rule 4(a)(5) provides that the district court may extend the time to file a notice of appeal if: (1) a motion requesting the extension is filed within 30 days of the expiration of the original appeal period; and (2) the moving party makes a sufficient showing of "excusable neglect or good cause" for missing the deadline. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986). Although Berkey's motion for an extension was filed within the time permitted by Rule 4(a)(5), the district court found that he failed to establish excusable neglect.
 
 
 5
 We review the district court's finding under 4(a)(5) for an abuse of discretion, Pratt v. McCarthy, 850 F.2d 590, 591 (9th Cir.1988), and we agree that he has not met the strict standard used to determine excusable neglect. State of Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (1982) (an extension of time should be granted only in extraordinary cases where injustice would otherwise result); Selph v. Council of the City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979). Berkey's counsel claims that he was under the impression that he was required to wait for formal notice of entry of judgment before filing a notice of appeal. However, the "failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time." Alaska Limestone, 799 F.2d at 1412. Moreover, ignorance or misunderstanding of the law does not constitute excusable neglect. Id. at 1301 (citing Sprout v. Farmers Ins. Exch., 681 F.2d 587 (9th Cir.1982)). Finally, the significant delay in contacting the court is particularly inexcusable given that Berkey knew that the court had granted summary judgment against him and requested submission of a proposed order. Cf. Kramer v. American Postal Workers Union, AFL-CIO, 556 F.2d 929, 930 (9th Cir.1977) (extension of time unwarranted under Fed.R.Civ.P. 77(d) where counsel knew of adverse ruling but failed to find out entry date). Thus, Berkey's excuse is insufficient under Rule 4(a)(5).
 
 
 6
 Alternatively, Rule 4(a)(6) allows a district court in its discretion to reopen the time for appeal if a party entitled to receive notice of the entry of a judgment did not receive it within 21 days of its entry. This exception is only applicable, however, if the losing party files a motion within seven days of receiving notice. As the moving party, Berkey had the burden of establishing that he qualified for the exception described in 4(a)(6). His motion and supporting declaration do not clearly specify when he learned of the judgment.[2] Therefore, it was not an abuse of discretion for the district court to find this exception inapplicable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The requirements of Rule 4(a) are mandatory and jurisdictional. Vahan, 30 F.3d at 103. Consequently, neither we nor the district court has discretion to grant an extension beyond the time provided for in Rule 4(a). Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988); Vahan, 30 F.3d at 103; Fed.R.App.P. 26(b) ("the [appellate] court may not enlarge the time for filing a notice of appeal")
 
 
 [2]
 With the motion to reopen the time to appeal, Berkey's counsel filed a declaration stating that:
 Prior to February 19, 1993 I received no Notice of Proposed Entry of Judgement. I took no action, waiting for Entry of Judgement as per Federal Rules of Civil Procedure 77(d). Subsequently, not having received such notice I called the clerk of the Court and had been informed that Judgement had been entered February 19, 1993 [sic].
 Although this statement is ambiguous, it appears that Berkey may have discovered on February 19, 1993 that judgment had already been entered against his client, in which case his motion was not timely because it was filed more than seven days after receiving notice. During the hearing on the motion, Berkey's counsel added to the confusion, stating only that: "I called the clerk on March 19th, your Honor. And at that time, he told me it had been entered on February 19th. And I was going on the feeling that ... oral notice of entry of judgment does not count." E.R. 81-82. This statement cannot be correct because the motion to reopen was filed on March 18th, a day before he allegedly discovered the judgment.