60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles David NYE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-17084.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles David Nye appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence.[1] Nye contends that the district court erred by not holding an evidentiary hearing on his ineffective assistance of counsel claim. The government argues that we lack jurisdiction over Nye's appeal. We agree and accordingly dismiss the appeal.
 
 
 3
 The district court denied Nye's pro se 28 U.S.C. Sec. 2255 motion on May 17, 1994. On November 3, 1994, through counsel, Nye filed a motion in the district court, requesting an extension of time to file a notice of appeal under Fed.R.App.P. 4(a)(5) or (6).[2] The district court granted the motion, finding that the clerk's failure to notify Nye of the entry of the judgment constituted excusable neglect under Fed.R.App.P. 4(a)(5). The district court, however, rejected Nye's argument under Fed.R.App.P. 4(a)(6).
 
 
 4
 Time limits for filing a notice of appeal or motion to extend time for appeal prescribed in Fed.R.App.P. 4(a) are jurisdictional. Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.1994) (per curiam). "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed," unless the requirements under Fed.R.App.P. 4(a)(5) or (6) are met. Fed.R.Civ.P. 77(d). Under Fed.R.App.P. 4(a)(5), upon a showing of excusable neglect, the district court may extend the time for filing a notice of appeal if the extension motion is filed within thirty days after the expiration of the initial appeal time. See Fed.R.App.P. 4(a)(5). Fed.R.App.P. 4(a)(6) permits the district court to reopen the time for appeal upon motion filed within seven days of receipt of the notice of entry of a judgment. See Fed.R.App.P. 4(a)(6). However, "[t]he district court has no discretion to grant an extension beyond the time provided for by Rule 4(a)(5) and 4(a)(6)." See Vahan, 30 F.3d at 103.
 
 
 5
 Nye filed his motion to extend time for appeal more than thirty days after the expiration of the original appeal period and apparently over seven days after his receipt of the notice of the May 17, 1994 judgment.[3] The district court granted the motion under Fed.R.App.P. 4(a)(5); thereby, abusing its discretion. See Fed.R.App.P. 4(a)(5); Vahan, 30 F.3d at 103. The district court properly denied Nye's untimely motion under Fed.R.App.P. 4(a)(6). See Fed.R.App.P. 4(a)(6); Vahan, 30 F.3d at 103.
 
 
 6
 The district court found that "compelling reasons" existed to have the order reentered to preserve a pro se litigant's appeal, citing Kramer v. American Postal Workers Union, AFL-CIO, 556 F.2d 929, 930 (9th Cir.1977) (per curiam) (extension of time to appeal under Fed.R.Civ.P. 77(d) may be available for compelling reasons). The reliance on Kramer is not convincing in light of the 1979 amendment of Fed.R.App.P. 4(a)(5) and the 1991 addition of Fed.R.App.R. 4(a)(6). See Vahan, 30 F.3d at 103; see also Fed.R.App.P. 4 advisory committee's note (1991) (Rule 4(a)(6) "provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal"); Nunley, 52 F.3d at 795 ("Rule 4(b)(6) [sic] was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice. It is to be read in conjunction with Fed.R.Civ.P. 77(d)"); Rodgers v. Watt, 722 F.2d 456, 458 (9th Cir.1983) (en banc) (Fed.R.App.P. 4(a)(5) "furnishes an escape hatch from the rigidity of amended rule 77(d)"). Further, the district court could not deviate from the procedural rules because of Nye's pro se status. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995) (pro se litigants are bound by procedural rules), petition for cert. filed, --- U.S.L.W. ---- (April 24, 1995) (No. 94-9496).
 
 
 7
 Accordingly, Nye's appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We dismissed Nye's previous appeal for lack of jurisdiction. See United States v. Nye, No. 94-16514, order (9th Cir. Sept. 23, 1994)
 
 
 [2]
 Alternatively, Nye requested that the district court construe the certificate of service as an amendment to the May 17, 1994 judgment. The district court denied the request. See Fed.R.Civ.P. 59
 
 
 [3]
 The May 17, 1994 judgment was sent to Nye on August 8, 1994. The record does not indicate when Nye actually received the judgment. See Nunely v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir.1995) (burden on movant to show non-receipt)