103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian STACK, Plaintiff-Appellant,
v.
TAHOE REGIONAL PLANNING AGENCY, a public entity,
Defendant-Appellee. (Two Cases)
 Nos. 95-16826, 96-15251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Nov. 22, 1996.
 
 Before: FLETCHER, FARRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 STANDARD OF REVIEW
 
 2
 Denial of a motion for reconsideration is reviewed for abuse of discretion. Sheet Metal Workers' Int'l Ass'n Local Union, No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996). Denial of a Fed.R.App.P. 4(a)(6) motion is reviewed for abuse of discretion. Nunley v. City of Los Angeles, 52 F.3d 792, 794 (9th Cir.1995).
 
 DISCUSSION
 
 3
 Reconsideration under Fed.R.Civ.P. 59(e) is appropriate to correct clear error or manifest injustice. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 512 U.S. 1236, 114 S.Ct. 2742 (1994). Neither is present on this record.
 
 
 4
 Reconsideration under Fed.R.Civ.P. 60(b) is appropriate upon a finding of excusable neglect by Stack. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991). The record precludes a finding of excusable neglect.
 
 
 5
 The district court entered its summary judgment and order on July 17, 1995. Stack received a copy of the judgment on July 24, 1995 and a copy of the order on September 19, 1995. Stack received notice of the judgment within twenty-one days of its entry and took more than seven days after his receipt of notice to file an appeal. Stack was precluded from having his time for appeal extended under Fed.R.App.P. 4(a)(6). Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.1994).
 
 
 6
 Stack failed to file his motion to extend the time for appeal within the requisite thirty days for ex parte motions under Fed.R.App.P. 4(a)(5). Malone v. Avenenti, 850 F.2d 569, 570-71 (9th Cir.1988). The letter from the court clerk to Stack sent to the correct address had been in his counsel's files since March 1995. It was not "newly discovered evidence" that warranted reconsideration. Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985). Stack has failed to point to evidence in the record of manifest injustice or excusable neglect that would warrant reconsideration of the denial of his Fed.R.App.P. 4(a)(5) motion. We find none.
 
 
 7
 The Tahoe Regional Planning Agency is not an agency of the United States. Jacobson v. Tahoe Regional Planning Agency, 566 F.2d 1353, 1362-63 (9th Cir.1977), rev'd in part on other grounds sub nom. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391 (1979). The district court's refusal to reconsider its decision that the Agency is not a federal agency for the purposes of Fed.R.App.P. 4(a)(1) was not an abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3