133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BREWSTER, Petitioner-Appellant,
v.
Glenn DAVIS, Warden; Grant Woods, Attorney General,
Respondents-Appellees.
 No. 96-17135.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Edwin Brewster, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 motion challenging his 1989 conviction and sentence for burglary. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 "We are required to consider the timeliness of an appeal even though it was not raised by the parties." Rodgers v. Watt, 722 F.2d 456, 458 (9th Cir.1983) ("Error in extending the time for appeal under [Fed. R.App. P.] 4(a)(5) is reviewable sua sponte ... "). "A timely appeal is required to vest this court with jurisdiction." Fiester v. Turner, 783 F.2d 1474, 1475 (9th Cir.1986). "[T]he court may not enlarge the time for filing the notice of appeal." Fed. R.App. P. 26(b).
 
 
 4
 On March 14, 1975, the district court filed an order granting summary judgment to the respondents and a separate judgment dismissing the case. Over a year and a half later, on October 23, 1996, Brewster filed a motion for permission to file a delayed appeal. Instead of addressing Brewster's motion, on November 14, 1996, the district court issued a certificate of appealability allowing Brewster to proceed on appeal in forma pauperis.
 
 
 5
 Pursuant to Fed R.App. P. 4(a)(1) Brewster had until April 13, 1995, to file a notice of appeal. Upon a showing of excusable neglect or good cause, the district court had the authority to extend the time for appeal so long as Brewster filed the motion for extension no later than 30 days after April 13, 1995. See Fed. R.App. P. 4(a)(5). Because Brewster did not file his motion until over a year later, the district court did riot have the authori-ty to extend the time for filing a notice of appeal. See Fed. R.App. P. 26(b); Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.1994) (per curiam). Accordingly, Brewster's notice of appeal is untimely and we dismiss the appeal for lack of jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Brewster's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3