133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Troy Michael KELL, Petitioner-Appellant,
v.
Sherman HATCHER; The Attorney General of the State of
Nevada; Franki Sue Del Papa, Respondents-Appellees.
 No. 95-16982.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1997.**
Decided Dec. 31, 1997.
 
 Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to clarify our decision.
 
 
 3
 The district court erred in granting Kell's motion for an extension of time to file his appeal. Kell contends that the district court had the authority to grant his motion under Federal Rule of Appellate Procedure 4(a)(6). The district court may grant a motion for an extension of time to file a notice of appeal under Rule 4(a)(6) "[if] a party entitled to notice of the entry of a judgment or an order did not receive such notice ... within twenty-one days of its entry and ... no party would be prejudiced," and if such motion is "filed within one-hundred-and-eighty days of entry of the judgment or order or within seven days of receipt of such notice, whichever is earlier." Fed. R.App. P. 4(a)(6) (emphasis added).
 
 
 4
 Kell argues that his motion was timely filed under Rule 4(a)(6) because he did not receive notice of entry of judgment within twenty-one days of its entry, and because he filed the motion Less than one-hundred-and-eighty days after entry of judgment on December 13, 1994. But under Rule 4(a)(6), a motion for an extension of time to appeal must be filed within seven days of "actual notice" of entry of judgment if that occurs before one-hundred-and-eighty days after the judgment's entry. See Vahan v. Shalala 30 F.3d 102, 103 (9th Cir.1994)(per curiam)(finding defendant had "actual notice" of entry of judgment within the meaning of Rule 4(a)(6) when his counsel received copy of the judgment).
 
 
 5
 Rule 4(a)(6) puts the burden on Kell as the moving party to prove nonreceipt of notice of entry of judgment. Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir.1995). In the present case, the clerk's file stamp or ae judgment and the order denying the habeas petition shows that these documents were entered and served on the parties on December 13, 1994. The entries in the civil docket also reveal that both the order denying the habeas petition and the separate judgments were entered and copies distributed to the parties on December 13, 1994. Where, as here, the judgment itself and the docket show that the judgment was mailed by the clerk of the court to the parties, and there is no evidence that the mailing was returned to the clerk by the post office, there is a presumption of receipt. See id. at 796. This presumption of receipt can be rebutted by a "specific factual denial of receipt." Id.
 
 
 6
 The record shows that Kell never specifically denied receiving a copy of the judgment. In his affidavit submitted in support of his Motion, Kell admitted that he received the district court's order denying his habeas petition and stated that he forwarded it to an attorney on January 26, 1995. Kell made no specific reference to receipt or nonreceipt of the separate judgment. Moreover, Kell's notice of appeal states that "the final judgment" from which he will appeal and the order denying the habeas petition were both "entered on December 13, 1994."
 
 
 7
 Because Kell failed to rebut the presumption of receipt of the judgment itself, admits that he forwarded the district court's order to an attorney on January 26, 1995, and sets forth in his notice of appeal the date of entry of the judgment as December 13, 1994, this court can infer that Kell had "actual notice" of the entry of judgment within the meaning of Rule 4(a)(6) on January 26, 1996. Cf. Vahan, 30 F.3d at 103. But Kell filed his notice of appeal and his motion for an extension of time to appeal more than two months later. Kell thus failed to file his motion within seven days of "actual notice" of the entry of judgment. Accordingly, the district court, had no authority under Rule 4(a)(6) to grant Kell's motion for an extension of time to appeal.
 
 
 8
 Moreover, a district court cannot grant a Rule 4(a)(6) motion unless it "finds that a party entitled to notice of the entry of a judgment ... did not receive such notice from the clerk or any party within twenty-one days of its entry." Fed. R.App. P. 4(a)(6); accord Matter of Marchiando, 13 F.3d 1111, 1114 (7th Cir.1994). In this case, the district made no such finding.
 
 
 9
 Kell alternatively contends that the entry of judgment was fatally defective because the entry date for the judgment is December 13, 1994, whereas the clerk's signature on the judgment is dated December 14, 1994. Fed.R.Civ.P. 58 requires that the clerk "shall forthwith prepare sign, and enter the judgment" and that "[e]very judgment shall be set forth on a separate document." Fed.R.Civ.P. 79(a) requires The clerk to file all papers in the civil docket "chronologically." These rules must be "mechanically applied." United States v. Indrelunas, 411 U.S. 216, 222 (1973) (per curiam). Therefore, the clerk's failure to sign a judgment or to file and enter a judgment separately from a dispositive order or memorandum has been held sufficient to negate the entry of judgment for purposes of starting the appellate clock. See Carter v. Beverly Hills Sav. and Loan Ass'n, 884 F.2d 1186, 1189-90 (9th Cir.1989) (finding judgment not entered as required by Rule 58 when clerk failed to sign, file, or enter separate judgment); see also Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987) (finding judgment not entered in compliance with Rule 58 for purposes of determining deadline to file notice of appeal when separate judgment was not issued or entered on docket)
 
 
 10
 But chronological errors in the civil docket will not negate the validity of a judgment that has otherwise been properly entered. See Rodgers v. Watt, 722 F.2d 456, 461 (9th Cir.1983) (finding entry of judgment valid for Rule 4 purposes when separate judgment was prepared but entered in civil docket out of chronological order). Moreover, the purpose of the mechanical requirements set forth in Rule 58 is to eliminate any confusion as to when judgment was entered because this triggers the time for filing a notice of appeal. See Carter, 884 F.2d at 1189 (citing Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-85 (1978) (per curiam)). Kell's notice of appeal unequivocally states that the judgment at issue was entered on December 13, 1994. Kell's notice of appeal thus belies any claim of confusion as to when judgment was entered.
 
 
 11
 According to the record, the clerk prepared and signed a separate judgment and entered it in the civil docket as mandated by Rules 58 and 79(a). The entry date was December 13, 1994. But the date the judgment was signed was December 14, 1994. Because the only date referenced in either Rule 58 or Rule 79(a) is the date of entry of judgment on the civil docket, the discrepancy between the entry date and the signature date is at most clerical. Cf. Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir.1993) (finding clerical errors that district court may sua sponte correct under Rule 60(a) to be "blunders in execution" as opposed to mistakes that render underlying judgment inconsistent with court's intentions). A clerical error that has no effect on the substance of the underlying judgment does not affect the time for filing a notice of appeal. See id. Accordingly, for Rule 4(a) purposes, the judgment in the present case was not rendered invalid by the discrepancy between the date of entry and the date of the clerk's signature. The time for Kell to appeal the judgment therefore began to run on the date of the judgment's entry which was December 13, 1994. Therefore, the entry of judgment was not fatally defective.
 
 
 12
 Because Kell's notice of appeal was untimely, this court lacks jurisdiction to consider his appeal. Therefore, the appeal is dismissed.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3