**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 00-6952

TYRONE CHRISTOPHER JAMES,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-95-489, CA-99-3613)

Submitted: November 22, 2000

Decided: December 7, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Reversed and appeal dismissed by unpublished per curiam opinion.

_____

### COUNSEL

Tyrone Christopher James, Appellant Pro Se. Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone C. James appeals the district court's denial of his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. Because we find that James untimely filed his notice of appeal, we lack jurisdiction to address the merits of James' appeal.

The district court's final order was entered on December 1, 1999. On June 9, 2000, James filed a letter dated June 4, stating that he had filed a notice of appeal on December 8, 1999, and had not yet heard anything about his appeal. On June 14, 2000, the district court appeals clerk sent James a letter, stating that the court had not received a notice of appeal and that James should either forward documentation that a notice of appeal was filed or file a notice of appeal along with a motion for extension of time in which to appeal. On June 26, 2000, James filed a notice of appeal dated June 22. On the same date, he also filed a motion for an extension of sixty days in which to file an appeal, attaching a notice of appeal dated December 8, 1999. The district court granted the motion to extend in a margin order dated July 7, 2000.

Because the United States is a party to this action, James' notice of appeal was due within sixty days after entry of the judgment appealed from. Fed. R. App. P. 4(a)(1)(B). Thus, James' notice of appeal had to be filed by January 31, 2000. However, James did not file a notice of intent of appeal until, at the earliest, June 4, 2000, by his letter seeking information regarding his allegedly previously filed appeal. Thus, unless James' time to appeal was properly extended, his notice of appeal was untimely filed.

Compliance with the strict requirements of Rule 4(a)(1) is mandatory and jurisdictional. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). The Federal Rules of Appellate Procedure permit a district court to extend the time for appeal in certain limited circumstances. However, expiration of the time limits for these exceptions deprives the district court of jurisdiction over the case. *See Hensley v. Chesapeake & O. Ry.*, 651 F.2d 226, 228-29 (4th Cir. 1981).

Federal Rule of Appellate Procedure 4(a)(5) allows an extension where the party so moves no later than thirty days after the time prescribed by Rule 4(a) expires and where that party shows excusable neglect or good cause. Under this Rule, James' time to file a motion for extension of time expired on March 1, 2000 (thirty days after James' initial sixty-day appeal period expired). James did not file his motion until over three months later. Thus, the district court had no discretion to grant an extension of time based on Rule 4(a)(5). *See Shah v. Hutto*, 722 F.2d 1167, 1168 (4th Cir. 1983).

The only other way James could secure an extension would be under Fed. R. App. P. 4(a)(6), which addresses the situation in which a party fails to receive notice of an appealable order. This Rule does not apply to James, however, because he does not deny that he timely received notice of the district court's order dismissing his action. As such, the court had no authority to extend his time under Rule 4(a)(6). *See Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994).

Because James was not entitled to an extension of time under either Rule 4(a)(5) or Rule 4(a)(6), the district court abused its discretion in granting James an extension of time in which to appeal. Therefore, we reverse the order of the district court granting the motion for extension of time, deny a certificate of appealability, and dismiss the appeal as untimely. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REVERSED; APPEAL DISMISSED*