# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1856

_____

Jose Manuel Herrera,

      Appellant,

v.

Immigration and Naturalization
Service, U.S. Department of
Justice,

      Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Missouri
\*
\* [UNPUBLISHED]
\*
\*
\*

_____

Submitted:  January 8, 2001

Filed:  January 26, 2001

_____

Before WOLLMAN, Chief Judge, BYE, Circuit Judge, and JONES,[1] District Judge.

PER CURIAM

Jose Manuel Herrera appeals from the denial of his petition for writ of habeas corpus, which he filed in district court pursuant to 28 U.S.C. § 2241 to challenge a deportation order issued by the Board of Immigration Appeals.  We dismiss the appeal for lack of appellate jurisdiction.

_____

[1]The Honorable John B. Jones, Senior Judge, District of South Dakota, sitting by designation.

The judgment denying Herrera's petition was entered on December 2, 1999, at which time the clerk of court served a notice of entry of the judgment on Herrera's counsel pursuant to Rule 77 (d) of the Federal Rules of Civil Procedure. On March 10, 2000, Herrera filed a motion to reopen the time for filing an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Herrera alleged in the motion that he did not personally receive notice of the entry of judgment until March 7, 2000. The district court granted the motion on March 14, 2000, giving Herrera fourteen days in which to file a notice of appeal. Herrera filed his notice of appeal three days later on March 17, 2000.

Because an agency of the United States is a party, Herrera had 60 days from the date when the judgment was entered in which to file his notice of appeal. Fed. R. App. P. 4(a)(1)(B). This time limit is "mandatory and jurisdictional." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir. 2000) (quoting Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978)). However, if the district court finds that a party did not receive notice of the entry of judgment within 21 days after its entry, the court may reopen the time for filing an appeal in certain limited circumstances. See Fed. R. App. P. 4(a)(6).

The district court lacked authority under Rule 4(a)(6) to grant Herrera's motion to reopen, however, because Herrera received notice of the judgment within 21 days after its entry. Although Herrera did not *personally* receive notice of the entry of the judgment until March 7, 2000, notice of entry of the judgment was mailed to Herrera's *counsel* on December 2, 1999. The notice to counsel constituted notice to Herrera. See Ark. Oil & Gas, Inc. v. Comm'r of Internal Revenue, 114 F.3d 795, 799 (8th Cir. 1997) ("each party . . . is considered to have notice of all facts, notice of which can be charged upon the attorney.") (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S.380, 396 (1993)); see also, Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994) (holding that notice to counsel constitutes notice to a party for purposes of Rule 4(a)(6)).

The district court also lacked authority to grant Herrera's motion under Rule 4(a)(5), which allows the court to grant an extension of time for filing an appeal upon a showing of excusable neglect or good cause when the motion for an extension is brought "no later than 30 days after the time prescribed by this Rule 4(a) expires." Herrera's 60 days under Rule 4(a)(1)(B) expired on January 31, 2000. His motion to reopen was brought more than 30 days later.

Because the district court lacked authority to grant Herrera's motion under either Rule 4(a)(5) or Rule 4(a)(6), Herrera's notice of appeal was untimely. Because the timely filing of a notice of appeal is mandatory and jurisdictional, we are unable to address the merits of this appeal.

The appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.