THOMAS, HEAD & GREISEN EMPLOYEES TRUST; Ronald E. Greisen; Henry P. Head, Plaintiffs–Appellees,

v.

Jack B. BUSTER, Defendant–Appellant,

and

Terry D. Parks; Northern Financial; Janice Sue Buster, aka/Janice Sue Johnson; Horizons West, Inc., an Oregon Corporation; David J. Berg; Marjorie A. Berg; Carl L. Casey; Scorpio, Inc., an Alaska corporation; Western Investment Trust; Susan Benedict, Trustee of the Western Investment Trust, Defendants,

and

Westwood Acres, An Alaska Limited Partnership, Intervenor.

No. 99–35955.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 30, 2001 **.

Decided May 16, 2001.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Buster's motion for oral argument.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM *

Jack B. Buster ("Buster") appeals pro se from the district court's order granting appellees' motion to turn over funds on behalf of himself and purportedly on behalf of Westwood Acres ("Westwood"), a limited partnership in which Buster is the general partner. The district court ordered that a percentage of escrow funds held by Westwood be turned over to the appellees pursuant to a previously issued charging order against Buster's partnership interest in Westwood. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

 This court lacks jurisdiction over Westwood because counsel for Westwood did not sign the notice of appeal or file a separate notice of appeal, *see* Fed. R.App. P. 4(a)(1)(A); *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1460 n. 19 (9th Cir.1996) (finding that "Westwood was required to file a separate notice of appeal in order the challenge the merits of the [recent] order"), and the signatory to the valid notice of appeal, Buster, is not an attorney, *see Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994). Even where the notice of appeal purports to be on behalf of all appellants, it must be signed by the party or the party's attorney to be effective as to that

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

party. *Brady v. Smith,* 656 F.2d 466, 467 n. 1 (9th Cir.1981); *McKinney v. De Bord,* 507 F.2d 501, 503 (9th Cir.1974).

 In addition, because Westwood did not file a notice of appeal, *see Browder,* 434 U.S. at 264, 98 S.Ct. 556; *Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir.1994), and failed to timely file a opening brief, *see* Fed. R.App. P. 31; 9th Cir. R. 31–2.3, we strike the briefs filed on October 3, 2000, October 30, 2000, and November 14, 2000.

Turning to the points that Buster raises on his own behalf on appeal, we affirm the district court's order granting the motion to turn over funds. We held in a prior appeal that the district court was empowered to require Westwood to pay to the Trust distributions to which Buster was entitled. *Buster,* 95 F.3d at 1460. Further, the lack of opposition to appellees' motion indicates that it was well taken. *See* United States District Court for the District of Alaska Rule 7.1(d).

 We decline to review Buster's contention regarding the Trust's standing as a judgment creditor. We have already resolved that issue in an earlier appeal. *Buster,* 95 F.3d at 1453, 1460. The law of the case doctrine precludes us from reviewing an issue previously decided by the same court in the identical case. *United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir.2000).

 We decline to review Buster's contention regarding whether the district court should have required an accounting before granting the appellees' motion. Buster did not raise this issue before the district court and no manifest injustice will result. *See Alexopulos by Alexopulos v. Riles,* 784 F.2d 1408, 1411 (9th Cir.1986).

** The panel unanimously finds this case suitable for decision without oral argument.

 The Trust moves for an award of attorneys' fees based on 29 U.S.C. § 1132(g), providing for awards of fees in ERISA cases. We agree that section 1132(g) is applicable to this action. *See Canseco v. Constr. Laborers Pension Trust,* 93 F.3d 600, 609 (9th Cir.1996). The Trust should submit a renewed motion with an itemized request for fees to this court.

AFFIRMED.