TILIA TRUST REG., a Trust existing under the laws of Liechtenstein, Plaintiff—Appellant,

v.

AIKEN & MANSUY; Stein Lubin & Lerner, Defendants—Appellees.

No. 00–15116.

D.C. No. CV 95–04331 MHP.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2001.[*]

Decided June 4, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,[**] District Judge.

MEMORANDUM [***]

Tilia Trust Reg. ("Tilia") appeals the district court's order denying its motion for extension of time to file a notice of appeal pursuant to Fed.R.App.P. ("Rule") 4(a)(5). We affirm.

On September 7, 1999 the district court granted summary judgment for defendants, and the order of dismissal was docketed that same day. Rule 4(a)(1)(A) gave Tilia 30 days from that date to file a notice of appeal. According to Tilia's counsel,

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

when he input the date of the judgment into his computer calendaring program, the program—erroneously applying California state rules rather than the federal rules—entered a 60–day deadline within which Tilia had to file a notice of appeal. In reliance on that entry, Tilia's counsel filed the notice of appeal on October 22— 45 days after judgment was entered.

On November 12 defendants filed a motion to dismiss the appeal with this Court on the ground that it was untimely.[1] In response, on November 16 Tilia filed in the district court an "Expedited Motion To Extend Time for Filing Notice of Appeal" under Rule 4(a)(5). That motion was denied, and the denial is the subject of this appeal.

■ Rule 4(a)(5)(A)(i) provides that the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir.1994) (per curiam) held that Rule 4(a)'s time limits are jurisdictional, so that where a party files its motion for extension of time more than 30 days after the time prescribed by Rule 4(a) expires, a district court lacks authority under Rule 4(a)(5) to extend the time for filing a notice of appeal. Here Tilia filed its motion for exten-

sion of time 10 days after the extended November 6, 1999 deadline prescribed by Rule 4(a). Therefore the district court did not have authority to grant the motion.

■ Tilia argues that its tardiness in filing its motion for extension of time should be excused under the "unique circumstances" doctrine, which permits an appellate court to hear a late-filed appeal if the delay was induced by reasonable reliance on a district court's assurance that the time for appeal has been extended or tolled (see *United States v. Vaccaro*, 51 F.3d 189, 191 (9th Cir.1995)). But that limited exception has never been used to excuse a late-filed motion for extension of time under Rule 4(a)(5). Moreover, even if we were to hold that *Vahan* permitted an exception under which a district court could grant an untimely motion for extension of time under Rule 4(a)(5) upon a finding of unique circumstances (an issue that we need not confront here), clearly no such circumstances are presented in this case of sheer negligence.

AFFIRMED.[2]

---

1. This Court granted that motion on March 28, 2000.

2. Parenthetically, our review of the record has also revealed that the parties never really confirmed the existence of diversity jurisdiction. Tilia's First Amended Complaint ("FAC") ¶ 3 simply says that Tilia "is a Trust existing under the laws of Liechtenstein," without specifying the citizenship of its Trustees as required by *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Next, FAC ¶ 4 describes the Aiken & Mansuy partnership and identifies its partners but it does not give (nor does the Answer identify) the dual citizenship information as to

the corporate partner (see 28 U.S.C. § 1332(c)(1)) or the citizenship information as to each individual partner (see *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)). Third, FAC ¶ 5 contains the identical defects as to the corporate and individual members of the Stein, Lubin & Lerner law firm, and that firm's Answer also does not cure those omissions. And finally, the naming of "Doe" defendants (as was done here) also poses jurisdictional questions in a case originally filed in the federal court, though Congress has eliminated that concern in removed cases by an amendment to 28 U.S.C. § 1441(a)—but any problem in that respect may be eliminated by the dismissal of

such defendants even at the appeal stage (*Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 837, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)).

If we were called upon to resolve this appeal on other than jurisdictional grounds, we would require the parties to file appropriate representations concerning citizenship so as to convert the obvious probability of subject matter jurisdiction into certainty. But because our holding is that no jurisdiction existed to grant the relief sought in any event, we find no need to require the parties make that showing.

