Cheryl DEBEJARE, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, commissioner of Social Security, Defendant—Appellee.

No. 02–17349.

D.C. No. CV–01–01057–LKK/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 25, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**560**

---

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Cheryl Debejare appeals the district court's summary judgment affirming the Commissioner's denial of child disability insurance benefits. We dismiss the appeal for lack of jurisdiction.

Although judgment was entered on August 5, 2002, Debejare did not file her notice of appeal until December 2, 2002. Her notice of appeal was untimely. *See* F.R.A.P. 4(1)(B) (providing 60 days to file notice of appeal).

In an effort to reopen the time for her to file an appeal, Debejare filed a motion with the district court under Federal Rule of Appellate Procedure 4(a)(6). After Debejare's notice of appeal was filed, a motions panel of this court remanded Debejare's case back to the district court for a ruling on Debejare's still pending Rule 4(a)(6) motion.

The district court found that a written notice of judgment was served on Debejare's counsel by mail on August 5, 2002. Although the district court believed the Rule 4(a)(6) motion was untimely, it felt constrained by the terms of the motion panel's order indicating that Debejare's motion was timely and granted the motion.[1]

Service on Debejare's counsel is treated as service on her.[2] As a result, Debejare is ineligible for Rule 4(a)(6) relief because her motion was untimely. *See* F.R.A.P. 4(a)(6)(A). In these circumstances, the district court did not have authority to reopen or extend the time for filing an appeal.[3] *See Vahan*, 30 F.3d at 103. As a result, we lack jurisdiction over this appeal.

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  Debejare's motion was filed within 180 days after entry of judgment, but a Rule 4(a)(6) motion is timely only if it is filed "within 180 days after the judgment ... is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier." F.R.A.P. 4(a)(6)(A).

2.  *See* Fed.R.Civ.P. 5(b); *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir.1994); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) ("If Congress intends to depart from the common and established practice of providing notification through counsel, it must do so expressly.")

3.  To the extent the motions panel's order can be read as a ruling on the timeliness of Debejare's motion, we may reconsider the ruling if a showing is made which compels such reconsideration. *See United States v. Houser*, 804 F.2d 565, 568 (9th Cir.1986). This is such a case. *See Sanchez v. City of Sana Ana*, 936 F.2d 1027, 1032 n. 3 (9th Cir.1991) ("While this court gives deference to motions panel decisions made in the course of the same appeal, we have an independent duty to decide whether we have jurisdiction.").