**Manuel Atienza WAGAN,**
**Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr.,**
**Respondent–Appellee.**

No. 07–15615.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2009.

Filed Jan. 30, 2009.

Manuel Atienza Wagan, Avenal, CA, pro se.

Donald Thomas Bergerson, Esq., San Francisco, CA, for Petitioner–Appellant.

Morris Beatus, Esq., Peggy S. Ruffra, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: BRIGHT,* REINHARDT and TASHIMA, Circuit Judges.

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Manuel Atienza Wagan ("Wagan"), a state prisoner, seeks to appeal the dismissal of his habeas petition. The district court dismissed his motion to reopen the time to file a notice of appeal as untimely. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court dismissed Wagan's habeas petition as time-barred on December 15, 2003, and the Clerk gave notice of the entry of judgment to Wagan's attorney, Donald Bergerson ("Bergerson").[1] Bergerson did not file a notice of appeal, and later characterized his failure to do so as a "mistake." Wagan alleges that Bergerson never informed him of the dismissal; Bergerson asserts that he did.

In late March 2004, Wagan wrote a letter to the district court stating that he was being moved to a different prison and asking for an update on the status of his case. The Clerk docketed the letter, but took no further action with respect to the letter. In October 2006, Wagan filed a motion to reopen the time to file an appeal, which the district court dismissed as untimely. The district court granted a certificate of appealability ("COA") on one question: Whether Wagan's March 2004 letter could be construed as a timely motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(6).

Before we reach the merits of the question certified in the COA, we must first decide whether the district court would have jurisdiction to grant such a construed motion. We conclude that it would not. We have held that when counsel is given notice of the entry of judgment, notice is imputed to the client. *Vahan v. Shalala,* 30 F.3d 102, 103 (9th Cir.1994); *see also Resendiz v. Dretke,* 452 F.3d 356, 362 (5th Cir.2006) (reaching the same conclusion in a case where a habeas petitioner alleged that his counsel never informed him of the entry of judgment). A motion to reopen the time to file an appeal under FRAP 4(a)(6) must be made within seven days of receiving notice of the entry of judgment.[2] Here, Wagan did not send his March 2004 letter to the court until four months after his attorney received notice of the entry of judgment. Thus, even if his letter could be construed as a FRAP 4(a)(6) motion, it arrived too late.[3] Federal courts are without authority to fashion equitable exceptions to FRAP 4's time limits, even where the outcome is indisputably unfair. *See Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) (holding that the time limits specified in FRAP 4 are mandatory and jurisdictional).

The judgment of the district court is

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.

2. FRAP 4(a)(6) provides:
   The district court may reopen the time to file an appeal ... only if [ ]:

   . . .
   (B) the motion is filed ... within 7 days after the moving party receives notice of the entry....
   FRAP 4(a)(6)(B).

3. The district court explicitly found that Bergerson was Wagan's attorney at the time he received notice of the entry of judgment. Wagan has not demonstrated, or even argued, that this finding was clearly erroneous.