**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN PETTITT; MURPHY LABRADOR CORPORATION; BARBARA MUSSER Trustee of the MAX GSD Trust of 1996,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>JOHN CHIANG, individually and in his capacity as State Controller of the The State of California; CALIFORNIA STATE CONTROLLER,<br><br>          Defendants - Appellees. | No. 08-16881<br><br>D.C. No. 4:07-cv-05854-CW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted November 2, 2009
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY,** District
Judge.

---

          *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

          **     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appellants John Pettitt, Murphy Labrador Corporation, and Barbara Musser as Trustee of the MAX GSD Trust of 1996 appeal from the district court's order denying their motion for an extension of time to file a notice of appeal.

A timely notice of appeal is mandatory and jurisdictional. *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994) (per curiam). A notice of appeal must be filed within thirty days after the district court enters judgment where, as here, the United States is not a party. Fed. R. App. P. 4(a)(1)(A). The district court may extend this period only if two requirements are met: (1) "a party so moves no later than 30 days after the [original filing deadline]" and (2) "that party shows excusable neglect or good cause." *Id.* 4(a)(5)(A). Like the deadline for a notice of appeal, the requirement that motions for extension of time be made within thirty days after the original filing deadline is "mandatory and jurisdictional." *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir. 1986) (per curiam).

In this case, the deadline for filing a notice of appeal was May 22, 2008, and the deadline for requesting an extension was June 23, 2008. Appellants did not move for an extension until July 10, 2008. The district court correctly determined that it did not have jurisdiction to consider a motion for an extension of time that was filed after the deadline prescribed by Federal Rule of Appellate Procedure 4(a)(5)(A).

Appellants' failed attempt to file a notice of appeal on May 20, 2008, was not the "functional equivalent" of a notice of appeal because Appellants made no "filing." *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document *filed* within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." (emphasis added)). Appellants were on notice that their electronic submission was not a "filing" because they did not receive a Notice of Electronic Filing e-mail from the district court. *See* N.D. Cal. General Order No. 45 § VI(C). Appellants' submission of a courtesy copy of the notice of appeal to the district judge's chambers also was not a "filing" because the document was neither delivered to nor accepted by the Clerk or Deputy Clerk of the Court or "included in the official files of the Court and noted in the docket of the case." N.D. Cal. Civ. L.R. 1-5(a), (e); *see id.* 5-1(b). Furthermore, as revealed at oral argument, the notice of appeal was never sent to or served upon Appellees.

By providing a thirty-day grace period to seek an extension, the Federal Rules of Appellate Procedure contemplate that problems may arise and prevent parties from filing a timely notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Appellants here had thirty-two days to discover that their notice of appeal had not been timely filed and to move for an extension, yet they failed to properly avail themselves of this

3

procedure.  The district court did not abuse its discretion by denying Appellants' motion.

**AFFIRMED**.[1]

---

[1]     Appellants' motion for post-hearing argument has been considered and is denied.