**D AND S FAMILY PRESERVATION TRUST, Steven Miljus, Trustee; Joseph Pack, Jerry Gillespie, Michael Bloomquist, Jim Bodily, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. CIV. 95–1222–FR.

United States District Court,
D. Oregon.

April 29, 1998.

Terrance L. McCauley, Estacada, OR, for Plaintiffs.

Kristine Olson, United States Attorney, Portland, OR, Joanne E. Duane, Trial Attorney, Tax Division, Washington, DC, for Defendant.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the plaintiffs' motion to allow late filing of notice of appeal (# 63).

## FACTS

On November 26, 1997, this court entered judgment against the plaintiffs and in favor of the defendant, United States of America. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, the period for filing a notice of appeal from this judgment expired on January 26, 1998.

Counsel for the plaintiffs states as follows:

2. In late November, 1997, I received from the U.S. District Court a copy of the

---

Opinion, Order, and Judgment dated November 26, 1997.

3. I immediately conferred with my clients and determined that they wanted to appeal to the 9th Circuit [sic] Court of Appeals. I thereupon revied [sic] FRAP 4(a) and determined that, because the United States is a party, I had 60 days in which to file the Notice of Appeal.

4. Because the 60 days went into the new year (1998), I obtained and scheduled the deadline in a new calendar book. However, I inadvertantly [sic] noted the deadline to be in February rather than January, 1998. I discovered this error on February 21, 1998 when reviewing my calendar for tasks which I assigned myself to accomplish by February 23, 1998. I then reviewed the date of the Judgment and discovered that I had miscal-endared the due date for the Notice of Appeal.

Declaration of Terrance McCauley Re: Motion to Allow Late Filing of Notice of Appeal, pp. 1–2.

### CONTENTIONS OF THE PARTIES

The plaintiffs move the court for an order permitting the late filing of notice of appeal based upon the declaration of counsel.

Defendant United States of America contends that it is within the discretion of the court to determine whether the evidence presented meets the standard of excusable neglect.

### APPLICABLE LAW

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides as follows:

(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

[Prescribed Dec. 4, 1967, eff. July 1, 1968. As amended Apr. 30, 1979, eff. Aug. 1, 1979; Nov. 18, 1988; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993.]

When a motion for extension of time to appeal is filed, as here, after the expiration of the thirty-day period stated in Rule 4(a)(5), the appropriate standard for extension of the filing period is "excusable neglect." *Reynolds v. Wagner,* 55 F.3d 1426, 1428 (9th Cir.1995).

Prior to 1993, the United States Court of Appeals for the Ninth Circuit strictly defined "excusable neglect." The circuit court specifically held that inadvertence or mistake of counsel did not constitute excusable neglect, *Sprout v. Farmers Ins. Exch.,* 681 F.2d 587, 588 (9th Cir.1982), and that clerical errors by counsel or counsel's staff were not considered excusable neglect, *Oregon v. Champion Int'l Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court held that "excusable neglect" in failing to file a timely proof of claim in a bankruptcy case was ultimately an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." The Supreme Court recognized that "respondents [must] be held accountable for the acts and omissions of their chosen counsel," *Id.* at 397, 113 S.Ct. 1489, but concluded that a "dramatic ambiguity" in the notification "require[d] a finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'" *Id.* at 398–99, 113 S.Ct. 1489.

In *Reynolds,* the United States Court of Appeals for the Ninth Circuit recognized that in *Pioneer,* "the Supreme Court appears to have just changed the rules" holding that "attorney negligence may, in certain circumstances, constitute 'excusable neglect.'" *Reynolds,* 55 F.3d at 1429. The circuit court stated:

The determination of whether such neglect is "excusable," the [Supreme] Court concluded, "at bottom is an equitable one, taking account of all relevant circumstances surrounding the party's omission"—circumstances which include the risk of prejudice to the nonmoving party,

the extent of the delay, and its potential effect on judicial proceedings, the reason for the delay and whether the moving party acted in good faith.

*Id.*

### RULING OF THE COURT

While the United States Supreme Court in *Pioneer* recognized that there are circumstances in which attorney negligence may be excusable under Rule 4(a)(5), the Court specifically found that the notification sent to the attorney left a "dramatic ambiguity" supporting a finding of "excusable." 507 U.S. at 398–99, 113 S.Ct. 1489. While there is no evidence of prejudice to the defendant or evidence of bad faith, a finding of excusable neglect under the circumstances of the case before this court would prejudice the judicial administration of justice. The plaintiffs in the case before the court do not submit any fact in support of a finding that the neglect of counsel in miscalendaring the expiration date for the filing of the appeal was "excusable." A finding of "excusable neglect" under the circumstances presented in this record would not be based upon a factual finding and would amount to no more than an exception to the rules governing the finality of judgments.

IT IS HEREBY ORDERED that the plaintiffs' motion to allow late filing of notice of appeal (# 63) is DENIED.